[No. 3077. Dec. 12, 1925.]

BOARD OF COM'RS OF GUADALUPE COUNTY

et al. v. ANAYA et al.

[242 Pac. 335.]

### SYLLABUS BY THE COURT

1. An apparent de jure officer, in possession of a public office, may have injunction to protect his possession against an intruder who pretends to act and thus hampers the de jure officer in the discharge of the functions of the office.

2. An apparent de jure officer is "in possession" of an office if he is so situated as to be able to fulfill all of the substantial purposes of the office.

Error to District Court, Guadalupe County; Armijo Judge.

Action by A. P. Anaya and others, as the Guadalupe County Board of Education, against the Board of County Commissioners of Guadalupe County, composed of Juan Sena and others, for an injunction. Judgment for plaintiffs, and defendants bring error. Reversed and remanded, with directions.

---

[1] 29Cyc p. 1416 n. 74.  [2] 29Cyc p. 1416 n. 74.

Chester Hunker, of East Las Vegas, F. Faircloth, of Santa Rose, and C. J. Roberts, of Santa Fe, for plaintiffs in error.

Tom W. Neal, of Las Vegas, for defendants in error.

### OPINION OF THE COURT

PARKER, C. J. By subchapter 8 of chapter 148, Laws 1923, the boards of county commissioners of the respective counties were constituted the county boards of education of their counties. By chapter 132, Laws 1925, the whole plan was changed, and it was therein provided that all county boards of education, as they were formerly constituted, should cease to exist upon the date when the members of the county boards of education, as provided in that act, shall have been selected and should qualify. It was further provided in section 3 of the act that on or before the 15th day of June, 1925, and biennially thereafter, the district judge of each judicial district should select from among the qualified electors of the respective counties in his district eight qualified electors from each county, no more than four of whom should belong to any one political party, and no more than three of such persons should be selected from any one county commissioner's district, and no more than two of such persons should reside in an incorporated municipality. It was further provided that, on or before the third Monday in June, the county clerk should cause notice to be served upon such eight persons advising them to assemble in the office of said county clerk on the fourth Monday in said month of June for the purpose of selecting the members of the county board of education, which is to consist of four members.

In this case the district judge appointed the committee of eight, who in turn selected four persons to constitute the board of education, and they qualified by taking the oath of office and executing the bond required by the statute on June 30, 1925.

On July 24, 1925, the board of county commissioners met and by resolution requested the county school su-

perintendent to notify the teachers who had contracts to teach in the county during the school year 1925-1926 to disregard the action of the new board, and that they, the old board, held the office of the county board of education until its successor should be legally selected and qualified. This notice was on said day sent out to said teachers by the county school superintendent. The old board was proceeding upon the theory that the new board had not been legally organized because the commissioners appointed by the district judge were not qualified to act in the appointment of a new board. The new board thereupon filed its complaint in the district court on the 28th day of July, 1925, for an injunction against the old board to prevent its interference with the new board in the discharge of its duty as such board of education. It alleged that the plaintiffs were "the duly qualified and acting members of, and, constituted, the Guadalupe County board of education"; that the defendants were assuming to act by virtue of their office as members of the board of county commissioners of Guadalupe county, and constitute themselves as the Guadalupe county board of education; that the said defendants did meet pretending to be such board on the 24th of July, 1925, and threatened to continue to meet as such board, and had notified the school teachers and other officers of the public schools of Guadalupe county that they were the Guadalupe county board of education; that such action on the part of the defendants hampered the plaintiffs in such exercise of their duty as such Guadalupe county board of education and was destructive of the efficiency of the public school system of the county. They obtained an order to show cause why injunction should not issue.

The defendants filed what they styled a motion to dismiss the complaint, in which they urged that there was a defect of parties plaintiff in that the Guadalupe county board of education was not a party plaintiff and that it was a necessary and indispensable party to the cause; that the members of said board had no right to bring any action in their individual names in

behalf of the Guadalupe county board of education; that the complaint filed therein showed on its face that it was a suit in equity between two parties, each claiming to be the Guadalupe county board of education; that it was a contest between the parties for the office; and that the court had no jurisdiction to try the title to an office in such a proceeding. This motion, which was in effect a demurrer, was overruled by the court, and thereupon the defendants answered. They alleged in the answer that they were the legally constituted board and set up that the new board was illegally appointed because the committee appointed by the district judge to select the new board was illegally constituted, for the reason that three of the committee were residents of incorporated municipalities, contrary to the terms of the statute.

The proof supported the allegations of the complaint and showed that as a result of the situation, different teachers had been employed for the same school in some instances, and that the disbursing officers of the county had refused to pay warrants for teachers' salaries issued by either board.

The case was heard and resulted in a permanent injunction as prayed, from which judgment the case is here on writ of error.

[1] 1. It thus appears that the new board has the apparent title to the office, and prima facie has the right to exercise the functions thereof. They have been selected and have qualified in accordance with the provisions of the law. The fact that some irregularities crept into the proceedings for their selection, if there were any such, could hardly be considered in an investigation of this kind. The queston then is whether injunction may be resorted to by an apparent de jure officer to prevent interference with the exercise of the functions of the office of which he is in possession. Counsel for the old board concede in their brief, that mandamus would be a proper remedy, under these circumstances, to compel the delivery of the possession

of the paraphernalia, insignia, and property of the office to the apparent de jure officer, as was hel₁ in Conklin v. Cunningham, 7 N. M. 445, 38 P. 170, and Eldodt v. Territory, 10 N. M. 141, 61 P. 105. But it is argued that these cases have no relevancy to the present consideration. It is said that equity has no jurisdiction to try the title to public office, for the reason that its jurisdiction is confined to the protection of civil property rights; that the right to hold a public office is not a property right and can be asserted only in a court of law; and that mandamus and injunction are not correlative remedies. That this is the generally accepted doctrine is to be admitted. It is well established, however, that even a de facto officer in possession of the office under color of title may have injunction against one who is out of possession to restrain any interference with his possession or the exercise of the functions of the office until the question of title has been settled in some proper proceeding at law. If a de facto officer may have such a remedy, certainly a de jure officer may have the same remedy. Upon this subject, see 2 High on Injunctions (4th Ed.) § 1315; Armijo v. Baca, 3 N. M. 490, 6 P. 938; Brady v. Sweetland, 13 Kan. 41; State v. Superior Court, 17 Wash. 12, 48 P. 741, 61 Am. St. Rep. 893; Reemelin v. Mosby, 47 Ohio St. 570, 26 N. E. 717; Rhodes v. Driver, 69 Ark. 606, 65 S. W. 106 ,86 Am. St. Rep. 215; Stenglein v. Saginaw Circuit Judge, 128 Mich. 440, 87 N. W. 449; Guillotte v. Poincy, 41 La. Ann. 333, 6 So. 507, 5 L. R. A. 403; Goldman v. Gillespie, 43 L. Ann. 83, 8 So. 880; Arnold v. Hilts, 52 Colo. 391, 121 P. 753, Ann. Cas. 1913E, 724, and note at 736.

In this jurisdiction, however, injunction will be refused against an apparent de jure officer to prevent him from taking possession of his office. Hubbell v. Armijo, 13 N. M. 482, 85 P. 1046.

The theory upon which equity will entertain jurisdiction over such matters seems to be that the public necessity and convenience demand it. Somebody must exercise the functions of the office, and be undisturbed

and unhampered, so that the public business may not suffer. Again it is said that such proceedings do not involve a decision of the question of the ultimate title to the office, but they merely protect the possession of the office pending the trial of the title at law. It would seem clear, therefore, that injunction may be resorted to in a case like the present.

[2] 2. It is argued by counsel for the old board that there is no allegation nor proof of possession of the office by the new board. This is plainly unsound. The allegation is that the new board "are the duly qualified and acting members of, and constitute, the Guadalupe county board of education." The proofs show that the new board was selected; that they qualified as required by law, met and transacted business as such board, and proposed to continue to do so. It is true that the proof shows that the records of the old board had not been turned over to the new board, but in this case this happens to be immaterial. The only records shown to exist is a minute book in which the proceedings of the old board had been recorded. This was unnecessary to the new board in order to enable it to function. If it were necessary, it could have been obtained by mandamus. So it may be said that the new board was in possession of the office. Upon the subject of possession of an office, see Howard v. Burke, 248 Ill. 224, 93 N. E. 775, 140 Am. St. Rep. 159, and note at 189; Conover v. Devlin, 24 Barb. (N. Y.) 587; State v. Blossom, 19 Nev. 312, 10 P. 430. See, also, Ex parte Norris, 8 S. C. 408, 473, where it is said:

"By 'full possession' is meant such possession as would enable its incumbent to fulfill all the substantial purposes of such office."

There is manifest error in the judgment, but it may be cured by modification. The court evidently proceeded upon the theory that it could try the title to the office and awarded a perpetual injunction against the old board. This was error. All that the court could do was to protect the possession of the new board until

the question of title could be litigated in a court of law.

The judgment will be reversed, and the cause remanded, with directions to set aside the judgment, and to enter judgment restraining the old board as prayed until its title to the office shall have been established by it, and it is so ordered.

BICKLEY and WATSON, JJ., concur.