**31 P.(2d) 708**

**TADLOCK v. SMITH, Mayor, et al.**

No. 3986.

Supreme Court of New Mexico.

March 31, 1934.

M. E. Noble and J. R. Modrall, both of Las Vegas, for appellant.

Frank Faircloth, of Santa Rosa, for appellees.

**PER CURIAM.**

Plaintiff, a member of the board of trustees of the village of Santa Rosa, and as well a taxpayer and elector, has sued to enjoin the village clerk from recognizing Jose N. Armijo and others as judges and clerks for the ensuing village election, and from delivering to them the election supplies and official ballots, and for mandatory injunction commanding that such recognition be accorded and delivery made to J. M. Moreno and others. He has appealed from a judgment dismissing the complaint.

Plaintiff challenges the right of Armijo and his associates, as having been named by the mayor without legal authority, the selection resting, as he claims, with the board of trustees. 1929 Comp. St. § 90-608. He espouses the right of Moreno and his associates as having been legally chosen by the village board.

Defendants challenge the right of Moreno and his associates on the ground that they failed of election by the trustees, the vote being a tie, two for and two against. The truth of this depends upon a legal proposition, whether one elected a trustee and later chosen by the board as mayor to fill a vacancy is entitled to vote as a trustee, it having been his vote that made the tie. They attempt to maintain the right of Armijo and his associates on the ground that there is a duty resting on the mayor to proclaim the election, which implies a duty to name the required officials, if the council has failed to perform such duty. It is not quite clear whether counsel for defendants contends that the later enacted sections, 90-2901, 90-2902, so affect section 90-608 that the power to appoint the election officials now resides in the mayor "subject to approval of a majority of the city council." If it is so claimed, there is no pretense that the appointment of Armijo and his associates has received such approval.

The case being thus laid before us, a doubt at once assailed us as to whether a cause of action is presented by the complaint. As this is fundamental, it should be considered at the outset.

In its essentials, the case calls for a decision of claimed title to office. As is well understood, equity is not ordinarily the proper resort for such purpose, the remedy being at law by quo warranto.

In this particular case, the offices are not at the moment in existence. They are merely potential. Not until election day will the occasion arise to occupy them and perform their functions. There is no ground for considering that defendants Armijo and his associates are occupying the offices to the exclusion of rivals, except the fact that the village clerk recognizes them and intends to deliver to them the indicia and furniture of office when the time shall come. Ouster by an usurper is the general theory of quo warranto, and it might be difficult for either of the rival claimants to allege this as against the others. See Conklin v. Cunningham, 7 N. M. 445, 38 P. 170, and numerous cases following it.

Sometimes equity will intervene on grounds of public convenience and necessity; not to settle the title to the office, but to protect an actual incumbent from interference, so that the public business may go on. Board of Com'rs of Guadalupe County v. Anaya, 31 N. M. 182, 242 P. 335. One prima facie entitled to an office may have mandamus to obtain possession. See cases reviewed in Jaramillo v. State ex rel. Board of County Commissioners, 32 N. M. 20, 250 P. 729.

Whether equity might afford a remedy in such a case as this, under principles discussed and applied in the decisions just cit-

cd, we need not consider. Moreno and his associates, whose claims to office are here involved and whom we are in effect asked to install, are not before the court. If we should declare their right, we do not know that they would serve. It is not their rights, nor we think the rights of the public, that are before us. What interest has the plaintiff to qualify him as a suitor?

If one's own right to an office is not such a right as equity recognizes (Guadalupe County Commissioners v. Anaya, supra), the right of a third person certainly cannot be subject-matter of a suit. The plaintiff can have no higher standing here than as a volunteer interested in seeing that the village of Santa Rosa shall conduct its election according to law. If a threatened violation of the Constitution does not, of itself, afford a cause of action to the citizen (Asplund v. Hannett, 31 N. M. 641, 249 P. 1074, 58 A. L. R. 573), how can a violation of statute afford one. No civil or property right of the plaintiff is here threatened with irreparable, or any, injury. His right to vote is not endangered. Of course, usurpation of power will always affect the citizen with a sense of outrage, but unless it affects his civil or property rights, his remedy is political, not legal. Courts of equity are not constituted as guardians of the affairs of municipalities. We cannot assume to take charge of their election proceedings. We can only decide justiciable questions as they come to us. These principles were fully discussed in Asplund v. Hannett, supra. Without abandoning them, we cannot entertain the present complaint.

It follows that there was no error in dismissing the cause. The judgment will be affirmed and the cause remanded. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.