153 P.2d 514

**HERON v. GARCIA, County Treasurer, et al.**

**No. 4862.**

Supreme Court of New Mexico.
Nov. 21, 1944.

Kenneth A. Heron, of Chama, for appellant.

David W. Carmody and Reed Holloman, both of Santa Fe, for appellees.

BRICE, Justice.

This action was brought by the appellant against appellee and three other defendants to have cancelled a redemption certificate and tax deed to certain real estate situated in Rio Arriba County; and to secure an order directing the appellee as treasurer of Rio Arriba County "to forthwith issue to the plaintiff (appellant) a statutory tax deed in conformity with the provisions" of a tax sale certificate issued to appellant covering the same land.

From an order, on motion of appellee, dismissing appellant's complaint as to him (one of the defendants below), this appeal has been prosecuted.

The question is whether the complaint states facts sufficient to constitute a cause of action against appellee. The alleged facts are substantially as follows:

A patent was issued by the United States in 1901 conveying the land in suit to one Andrew P. Morris. This land was not assessed for taxes nor were any taxes

levied against it for the years of 1931 to 1936, inclusive, nor was it sold for taxes levied for any of those years. On the 14th day of May, 1937, the defendant Tafoya secured a description of the land from the United States Land Office, and such description "was imposed" upon the 1931 to 1936 tax rolls of Rio Arriba County on or about that date by the then treasurer of Rio Arriba County, or by one of his deputies, and the land was then assessed by the treasurer for each of the years named. The treasurer then set opposite the assessments the following notation: "Sold to State 12–6–35 Certificate No. 1294." and upon this notation the treasurer executed a tax sale certificate, and later issued to defendant Tafoya the tax deed in question, based upon such fraudulent certificate. The claims of the defendants (except appellee) are based upon the same illegal, void and fraudulent transactions stated.

For the year of 1939 the taxes were legally assessed and levied against the property in question, and it was sold to the State of New Mexico, as provided by law. On the 22nd day of September, 1942, Tax Certificate No. 2333, based upon the 1939 assessment, was assigned by the treasurer of Rio Arriba County to the appellant. On the first day of February, 1944, the appellant demanded of appellee a tax deed based upon tax sale certificate 2322, and offered to pay all taxes, penalties, interest and costs due the county of Rio Arriba, but the appellee refused to issue

such deed "on the ground that the property involved had been redeemed from sale by defendant Tafoya and that a certificate of redemption had been issued to the said Tafoya." A copy of the redemption certificate is attached to appellant's complaint.

It is alleged that "the entire proceeding upon which the tax deed No. 82 (that issued to Tafoya) was issued without authority of law and is arbitrary and fraudulent." That it was carried out by defendant Tafoya and Martinez (the former treasurer) with the express intention of depriving the owner of the land involved. That the defendants Trujillo and Antonietti had knowledge of the transactions culminating in the issuing of the tax deed to Tafoya, and claim some interest in the property by virtue thereof, and that such claim of title is illegal, void and fraudulent.

As a basis of his cause of action against appellee, appellant alleged:

"That on the first day of February, 1944, more than two years having elapsed since the said sale was had, the plaintiff appeared before the defendant Frank Garcia, Treasurer of Rio Arriba County, as above, and offered to surrender to the said defendant Frank Garcia the original tax sale certificate No. 2322 and to pay to him all taxes, penalty, interest and costs due to the County of Rio Arriba, and demanded of the said defendant that he issue to the plaintiff a Tax Deed on the above described lands, in accordance with the stat-

utes provided and the terms of the certificate.

"That the defendant Frank Garcia, Treasurer of Rio Arriba County, as above, refused to issue a tax deed to the plaintiff on the ground that the property involved had been redeemed from sale by defendant Juan A. Tafoya, and that a certificate of redemption had been issued to the said Tafoya."

The defendants Tafoya, Antonietti and Trujillo filed a joint answer denying all allegations of fraud and misconduct regarding the assessment, levy of taxes, and sale of the property alleged to be the basis of the Tafoya deed.

As we understand the controversy between the parties here, appellee refused to issue to appellant a tax deed to the property because it appeared from the records of his office that there was an outstanding certificate of sale and tax deed based thereon issued by his predesssor in office to defendant Tafoya, and that Tafoya had redeemed the land from the subsequent sale evidenced by appellant's tax sale certificate. If Tafoya was the owner of the property by virtue of his tax deed, as the appellee's records indicate, he was authorized to redeem it from the tax sale of 1942 under which appellant claims. Sec. 76-713, N.M.Sts.1941.

Ordinarily the legal action of mandamus is the proper remedy to compel the performance of an official act by a public officer. It has been held that a mandatory injunction may be issued for such purpose (City of Dallas v. McElroy, Tex.Civ.App., 254 S.W. 599), although it is generally held that they are not correlative remedies (Lyle v. Chicago, 357 Ill. 41, 191 N.E. 255, 93 A.L.R. 1492). But however that may be, any order commanding a public officer to perform a ministerial duty is equivalent to a writ of mandamus, and should be governed by the rules for issuing such writs, Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901.

Whether Tafoya is in fact the owner of the property with a right of redemption, is a judicial question, and appellee was within his rights to refuse to issue another tax deed conveying the same property to appellant, unless and until it shall be finally settled in this or a similar action that the Tafoya deed is fraudulent and void.

If and when a decree is entered in this or a similar case, cancelling the Tafoya tax deed and redemption certificate for the alleged fraud, and thereafter the appellee or his successor refuses to issue to appellant a tax deed based upon his tax sale certificate, it may be that a mandatory writ would be in order. But a suit brought before appellant has a clear and certain legal right to a deed, and the appellee has refused to issue it, is premature and unauthorized. State v. Aztec Ditch Co., 25 N.M. 590, 185 P. 549; Carson Reclamation District v. Vigil, 31 N.M. 402, 246 P. 907.

■ The appellant has no cause of action against the appellee and, although the district court's order of dismissal was based upon grounds not stated in this opinion, the decision was correct. We have stated a number of times that a case will not be reversed because the trial court gave a wrong reason for a correct judgment. State ex rel. Sanchez v. Stapleton, 48 N. M. 463, 152 P.2d 877. If the case is reversed it may and should be dismissed for the reasons herein stated. This procedure would avail nothing.

The judgment of the district court should be affirmed, and it is so ordered.

SADLER, C. J., and BICKLEY, MABRY, and THREET, JJ., concur.