290 P.2d 1067

Joyce LAUMBACH, Plaintiff-Appellant,

v.

The BOARD OF COUNTY COMMISSIONERS OF SAN MIGUEL COUNTY, New Mexico, and Vernon E. Lyster, Tobias G. Flores and Felipe Flores, as members thereof, Respondents-Appellees.

No. 5924.

Supreme Court of New Mexico.

Nov. 3, 1955.

Howard F. Houk, Santa Fe, for appellant.

Noble, Spiess & Noble, Las Vegas, Jose E. Armijo, Las Vegas, for appellees.

SADLER, Justice.

The plaintiff as an appellant before this Court complains of a judgment entered against him in an action pending in the district court of San Miguel County, reading as follows:

"Judgment

"The above entitled cause coming on for hearing upon the pleadings herein, and the Court having heard the arguments of counsel thereon, and being now satisfied therewith, Finds:

"1. That the action here is an action for mandamus.

"2. That the legal exceptions and objections set forth in the response are hereby sustained.

"It Is Therefore Ordered And Adjudged that Plaintiff take nothing by his action, and the same is hereby dismissed, to all of which the Plaintiff excepts.

"/s/ Luis E. Armijo
"District Judge"

It will be noted that the cause was heard upon the pleadings consisting of an order to show cause entered upon the allegations of a verified complaint filed by the plaintiff in which it was charged that an election had been held in a certain area of San Miguel County on March 16, 1954, pursuant to L.1947, c. 196, for purpose of determining whether a portion of San Miguel County should be annexed to Harding County; that certain illegal votes had been cast in Precinct 22 in the area proposed to be annexed by 20 or more persons who were not qualified electors therein which votes were wrongfully and fraudulently counted and tallied by the judges of election and that 4 or more persons who were duly qualified electors therein were denied the right to vote.

Like allegations with respect to the rejection of the ballots of certain qualified electors, 26 or more in number in Precinct 65, were made, the refusal to permit them to vote being predicated on alleged defective registration certificates. It was further alleged that if the ballots of duly qualified voters in Precinct 65 so rejected had been or were, counted, tallied and canvassed as required by law, the result of the election, as upon the face of the return as

it appeared to be, would be changed and the proposal to annex a portion of San Miguel to Harding County would have carried by a majority of the qualified electors of the affected area.

Having so alleged in his complaint, the plaintiff prayed:

"(1) That defendants be required to count said rejected ballots or to call in the judges of election from said precincts Nos. 22 and 65 of San Miguel County to count the same for their respective precincts and to correct their returns.

"(2) That defendants be required to deduct from said returns from said precincts the votes of non-resident and unqualified and challenged voters, or to call in the judges of election to do so and to correct their returns.

"(3) That the defendants be enjoined from proceeding with said canvass of election, and that they continue the canvass by postponement thereof until they show cause, if any they have, why they should not do as stated in paragraphs 1 and 2 of this prayer."

Upon presentation of the complaint to the court, the trial judge entered an order to show cause, reading, as follows:

"Order

"The above entitled cause having come on to be heard before the Court upon the complaint of the above named plaintiffs, wherein plaintiffs show that an election was held in Precincts Nos. 22 and 65 of San Miguel County, New Mexico, and also in Trementina, Precinct No. 48, in said County, on the 16th day of March, 1954, the question for determination being whether the certain portion of San Miguel County described in the petition filed with the Board of County Commissioners should be annexed to Harding County; and said complaint reciting that more than 24 persons who are and were at said election, being duly qualified voters living in precinct No. 65 and registered as voters therein, were denied their right to vote, their tendered ballots being rejected and that in Precinct No. 22, four or more qualified electors residing in said precinct in San Miguel County and duly registered as voters in said precinct were denied their right to vote, their tendered ballots being rejected; and that in said precinct No. 22 more than 20 non-residents of said precinct were permitted to illegally vote at said election so held as aforesaid; and that if said votes had not been rejected in said precincts and said illegal votes had not been cast and counted, the results of said election as appear upon the returns would have been different, and that even if the rejected ballots had been counted, there

would have been a change in said results as shown upon the returns, and that the result of said election would have been for the annexation of said territory to Harding County, New Mexico; and it being further shown by said complaint that the County Commissioners of San Miguel County are about to canvass the returns of said election on this date and will do so and will so canvass said returns as to sustain the rejection of said ballots and not include them in said canvass, and to count and include in said canvass the said alleged ballots illegally cast; and the Court being fully advised in the premises:

"It Is Ordered that the defendants count said rejected ballots in both said precincts 22 and 65, San Miguel County, or that they call in the judges of election from said precincts to correct their returns so as to count said rejected ballots; or that said defendants show cause before the Court on the 1st day of April, 1954, why they should not do so.

"It Is Further Ordered that the defendants be required to deduct from said returns from said precinct 22, the votes of non-resident and unqualified and challenged voters, or that they call in the judges of election to do so, and to correct their returns, or that said defendants show cause, if any they have, before the Court on said 1st day of April, 1954, why they should not either deduct said ballots from said returns or call in the judges of election to do so, and to correct their returns.

"It Is Further Ordered that the defendants, failing to comply with the directions in paragraph 1 and 2 hereof, other than the direction to show cause contained in each of said paragraphs, continue the canvass of said returns by postponement thereof until after the order of Court upon their undertaking to show cause is entered, if they elect to show cause."

In regular course, the defendants, the Board of County Commissioners of San Miguel County and Vernon E. Lyster, Tobias G. Flores and Felipe Flores, as individual members thereof, duly appeared in response to said order to show cause and filed a pleading entitled "Response to Alternative Writ of Mandamus" consisting of ten separate paragraphs of legal exceptions to the sufficiency of the order to show cause, designated and treated by defendants as an "Alternative Writ of Mandamus," closing their response to the "Order" or "Alternative Writ of Mandamus," whichever we finally shall determine it to be, with this language, immediately preceding the prayer, to wit:

"Subject to the above legal exceptions and objections and without waiving any of them going to the legal insufficiency of the Alternative Writ of Mandamus herein, respondents deny each and every allegation set forth in the Alternative Writ of Mandamus."

The plaintiff, having perfected his appeal, filed a pro forma brief in chief pursuant to Supreme Court Rule 15, subd. 5, 1953 Comp. § 21–2–1 (15, subd. 5), calling on appellees (defendants) "to specify and maintain the insufficiency of the plaintiff's pleadings in the District Court."

In the pro forma brief so filed, the plaintiff assigns two errors, as follows:

"1.  The Court erred in holding that the action of the plaintiff was an action in mandamus.

"2.  The Court erred in sustaining all of the legal exceptions and objections as set forth in defendants' pleading designated as 'Response to Alternative Writ of Mandamus,' which reads as follows, to wit:

" '1.  That the Alternative Writ of Mandamus herein fails to state facts sufficient to state a cause of action or upon which the relief sought can be granted.' "

(Paragraphs 2 to 10 of legal exceptions, being a mere enumeration of defects in the writ rendering it insufficient as claimed, are omitted).

The defendants having filed their answer brief responding to the "Pro Forma Brief in Chief" of plaintiff (appellant), the latter's counsel filed their brief entitled "Appellant's Answer Brief." It became, in reality, the brief in chief of appellant (plaintiff) containing, as it does, principal discussion by plaintiff's counsel of the appeal on its merits. In this principal brief filed by plaintiff, he presents and relies upon one point for reversal, reading:

"Point I

"The action is not equivalent to one in mandamus and is not to be tested by the rules applying to mandamus; rather it is a civil action of an equitable nature upon which appellant is entitled to relief."

Thus it is that we have for determination a single question, to wit: Is this an action in mandamus, or is it not? If so, determined, the judgment reviewed must stand affirmed.

We may as well announce at the outset that we entertain no doubt about the nature of this action. It is one in mandamus and nothing else. True enough, it is not so designated in the pleadings filed. Nor is the order to show cause designated on its face an "Alternative Writ of Mandamus." This fact has encouraged an earnest effort by counsel for plaintiff to give it other color and character. He presents it as a simple

suit in equity to prevent fraud said to have prevailed in a special election. They cite as a supporting authority Patterson v. People, 23 Colo.App. 479, 130 P. 618, a case which provides questionable grounds for equitable intervention. Compare, Orchard v. Board of Com'rs of Sierra County, 42 N.M. 172, 76 P.2d 41, and State ex rel. Denton v. Vinyard, 55 N.M. 205, 230 P.2d 238.

It cannot be seriously doubted but that when the defendants, as members of the Board of County Commissioners, sit as a canvassing board to canvass the result of an election under statutory authority, they act as public officers whose acts, being purely ministerial, may be controlled by mandamus. In re Sloan, 5 N.M. 590, 600, 25 P. 930; Chavez v. Hockenhull, 39 N.M. 79, 39 P.2d 1027. Compare, Eldodt v. Territory ex rel. Vaughn, 10 N.M. 141, 61 P. 105. The writ lies only to enforce a clear legal right and against one whose clear legal duty it is to perform the act necessary to the enjoyment of such right. Regents of Agricultural College of New Mexico v. Vaughn, 12 N.M. 333, 78 P. 51; State ex rel. McElroy v. Vesely, 40 N.M. 19, 52 P.2d 1090. It lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. Regents of Agricultural College of New Mexico v. Vaughn, supra.

When we compare the allegations of the order in the case at bar, with those customarily found in an alternative writ of mandamus, we find every element present one would expect to find in an ordinary action of mandamus. Each mandate contained in the order commands the defendants to do some official act as a public officer, or show cause at a time and place named, why they have not done so.

Counsel for the plaintiff would make of the complaint, or the order, a proceeding in equity, pointing out the paragraph of the complaint praying an injunction against adjournment until they show cause why they have not performed as directed in paragraphs 1 and 2 of the prayer and a direction in the order in conformity therewith. This injunctive phase of the order was merely in aid of the action of mandamus and in no manner transformed the proceeding into one in equity. In re Sloan, supra. Nor does the fact that the order to show cause was not designated an alternative writ of mandamus change its character. The author of the text on mandamus states in 55 C.J.S., Mandamus, § 312, p. 550, in introducing his discussion on the alternative writ, that it is in effect an order to show cause. The text states:

"An alternative writ is in the nature of an order to show cause and directs the respondent to do the act required or to show cause why he should not do it."

■ It matters not what the pleading initiating the proceeding may be denominated. If in truth it discloses by its allegations and the relief sought that it is an action in mandamus, it will be so treated. This much is made clear by our language in Heron v. Garcia, 48 N.M. 507, 153 P. 2d 514, 515. We said:

"Ordinarily the legal action of mandamus is the proper remedy to compel the performance of an official act by a public officer. It has been held that a mandatory injunction may be issued for such purpose (City of Dallas v. McElroy, Tex.Civ.App., 254 S.W. 599), although it is generally held that they are not correlative remedies (Lyle v. [City of] Chicago, 357 Ill. 41, 191 N.E. 255, 93 A.L.R. 1492). But however that may be, any order commanding a public officer to perform a ministerial duty is equivalent to a writ of mandamus, and should be governed by the rules for issuing such writs, Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901."

■ Once the proceeding is accepted as one in mandamus, then certain well-recognized rules emerge to control the consideration of the case. A most important one is that the case must be tried on the writ and answer. The complaint itself drops out of the picture and the writ must contain allegations of all facts necessary to authorize the relief sought. State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242. Furthermore, allegations in the writ should be made as in ordinary actions. Hence, the usual rules applicable in testing the sufficiency of a complaint in an ordinary civil action apply. The facts should be pleaded with the same certainty, neither more nor less. State ex rel. Burg v. City of Albuquerque, supra.

■■ When we come to a consideration of this phase of the case there are absent so many material allegations essential to entitle plaintiff to the relief sought that it would be a work of supererogation to catalogue them. For instance, it is not alleged that plaintiff is, himself, a citizen of the United States, or a qualified elector anywhere. It was absolutely essential that he show himself to be a qualified elector in a precinct within the area sought to be annexed. Nor is there an allegation present in the writ disclosing any special interest entitling him to bring the action. See Tadlock v. Smith, 38 N.M. 288, 31 P.2d 708, and Tomlin v. Town of Las Cruces, 38 N. M. 247, 31 P.2d 258, 97 A.L.R. 185. But why go on? Counsel for plaintiff has frankly admitted that if this proceeding be held to be one in mandamus, sufficiency of the pleadings to be determined on the writ and answer, that the writ does not suffice. The trial judge's construction of the pleadings was that the action was one

234

in mandamus. We cannot say this construction was unreasonable. Accordingly under well-settled rules of decision, we must uphold the construction he gave them. Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315.

It follows from what we have said that the judgment appealed from must stand affirmed.

It will be so ordered.

COMPTON, C. J., and LUJAN and McGHEE, JJ., concur.

KIKER, J., not participating.