356 P.2d 449

Donald M. OLSON, Appellant,

v.

Mary GRILLY, County Clerk of Los Alamos County, Robert Thorn, James Coleman, and John Crabtree, Members of the Board of County Commissioners of Los Alamos County and Louis Rojas, Appellees.

No. 6857.

Supreme Court of New Mexico.

Oct. 24, 1960.

Edwin W. Stockly, Los Alamos, M. W. Hamilton, Santa Fe, for appellant.

W. R. Kegel, Dist. Atty., Santa Fe, Abner Schreiber, Asst. Dist. Atty., Los Alamos, for appellees.

PER CURIAM.

The plaintiff sought, unsuccessfully in the trial court, for a declaration as against the defendants, county clerk and board of county commissioners, that his opponent in the coming general election be declared not eligible to run as a candidate, and for an injunction to restrain the county clerk from placing the name of plaintiff's opponent on the general election ballot.

Briefly, plaintiff contends that his opponent served as sheriff by appointment, filling a vacancy, from December 6, 1956 to December 31, 1958, and served as sheriff, by election, from January 1, 1959 until the present time, and that therefore, even though nominated in the May 1960 primary, the opponent will be ineligible to hold

county office under the provisions of art. X, § 2, Constitution of New Mexico.

Before we can consider the merits of the case in any sense, we must first determine whether the plaintiff is entitled to the relief sought.

■ We have held, time after time, that a court of equity has no jurisdiction to try the title to public office, for the reason that its jurisdiction is confined to the protection of civil property rights; that the right to hold public office is not a property right and can be asserted only in a court of law. See Guadalupe Co. Com'rs et al. v. Anaya et al., 1925, 31 N.M. 182, 242 P. 335; Tadlock v. Smith, 1934, 38 N.M. 288, 31 P.2d 708; and compare State v. Patten, 1937, 41 N.M. 395, 69 P.2d 931; although it should be noted that State v. Patten, supra, merely discusses the principle, inasmuch as the case was one relating to contempt.

Tadlock v. Smith, supra, related to the appointment of election officials, and therein we held that, even though the offices were merely potential, equity would not interfere.

■ We see no reason to create an exception in a rule so long adhered to in New Mexico. Suffice it to say that it is speculative as to who will be the successful candidate in the general election; that equity is not the guardian of the political rights of the plaintiff; and that, *if* plaintiff is correct in his contention that his opponent is not qualified, and *if* plaintiff's opponent should be successful in the election, and *if* plaintiff's opponent qualifies after his possible election, then and at that time there is an adequate remedy at law in the nature of quo warranto.

What this court said in Tadlock v. Smith, supra, and which was quoted with approval in State v. Patten, supra, is conclusive in this case: [38 N.M. 288, 31 P.2d 709]

"If one's own right to an office is not such a right as equity recognizes (Guadalupe County Commissioners v. Anaya, supra), the right of a third person certainly cannot be subject-matter of a suit. The plaintiff can have no higher standing here than as a volunteer interested in seeing that the village of Santa Rosa shall conduct its election according to law. If a threatened violation of the Constitution does not, of itself, afford a cause of action to the citizen (Asplund v. Hannett, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573), how can a violation of statute afford one. No civil or property right of the plaintiff is here threatened with irreparable, or any, injury. His right to vote is not endangered. Of course, usurpation of power will always affect the citizen with a sense of outrage, but unless it affects his civil or property rights, his remedy is political, not legal."

It is therefore apparent that the plaintiff has no present right to institute this cause, and the judgment of the district court is therefore affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

MOISE and NOBLE, JJ., not participating.