This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37737**

**WILDEARTH GUARDIANS,**

Petitioner-Appellant,

v.

**TOM BLAINE, in his capacity as
New Mexico State Engineer,**

Respondent-Appellee,

and

**MIDDLE RIO GRANDE CONSERVANCY
DISTRICT, and U.S. BUREAU OF
RECLAMATION,**

Real Parties in Interest.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge**

Samantha Ruscavage-Barz
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Gregory C. Ridgley, Special Assistant Attorney General
Maureen C. Dolan, Special Assistant Attorney General
Santa Fe, NM

for Appellee

Law & Resource Planning Associates
Charles T. DuMars

Tanya L. Scott
Albuquerque, NM

for Real Party In Interest

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}**     Petitioner has appealed from an order denying its petition for writ of mandamus. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Petitioner has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     The relevant background has previously been set forth. We will avoid undue reiteration here and instead focus on the content of the memorandum in opposition.

**{3}**     First, Petitioner asserts that the district court's denial of its petition for writ of mandamus should be reviewed de novo, because questions of statutory interpretation are presented. [MIO 2-3] We disagree. "Generally, the grant or denial of a petition for writ of mandamus is reviewed for an abuse of discretion." *State ex rel. Stapleton v. Skandera*, 2015-NMCA-044, ¶ 5, 346 P.3d 1191. Although pure questions of statutory interpretation are reviewed de novo, *see id.*, "where, as here, the district court exercised its discretion to deny the writ petition for prudential reasons . . . we review the denial for an abuse of discretion." *Fastbucks of Roswell, N.M., LLC v. King*, 2013-NMCA-008, ¶ 7, 294 P.3d 1287. "A district court abuses its discretion if its decision is contrary to logic and reason, or if it exceeds the bounds of reason, all the circumstances before it being considered." *Id.* (internal quotation marks and citations omitted). For the reasons set forth at greater length in the notice of proposed summary disposition, we are not persuaded that this district court abused its discretion in this case.

**{4}**     We understand Petitioner to suggest that concerns relative to the scope and nature of the authority of multiple federal and state governmental entities over the water rights and permits at issue should be disregarded, on grounds that those concerns were raised by only one of the parties, [MIO 3] and on grounds that those concerns are "extraneous" to the issue or issues that Petitioner seeks to narrowly define. [MIO 4-5] We disagree. The district court's apparent recognition of the complexity of the situation was prudent, provident, and entirely permissible. *See generally id.* (recognizing that the district courts may exercise their discretion to deny mandamus relief for prudential reasons).

**{5}**     Petitioner also continues to argue that the specific statutory provision invoked should be understood to establish a clear and undisputable duty on the part of the State Engineer. [MIO 6-12] Petitioner offers a plausible interpretation of the specific regulatory provision at issue; however, that is not the only possible interpretation. As described in the notice of proposed summary disposition, the relevant statutory and regulatory

provisions are susceptible to one or more alternative interpretations which would permit the Office of the State Engineer to elect among a variety of options, apparently at his discretion. [CN 4-6] A mandamus action is not appropriate under such circumstances. *See generally Schein v. N. Rio Arriba Elec. Coop.*, 1997-NMSC-011, ¶ 22, 122 N.M. 800, 932 P.2d 490 ("Relevant rights and duties must be established before a writ of mandamus can issue."); *El Dorado at Santa Fe, Inc. v. Bd. of Cty. Comm'rs*, 1976-NMSC-029, ¶ 5, 89 N.M. 313, 551 P.2d 1360 (holding that mandamus is not appropriate to "direct the performance of the particular act from among two or more allowed alternatives"); *Mimbres Valley Irrigation Co. v. Salopek*, 2006-NMCA-093, ¶ 19, 140 N.M. 168, 140 P.3d 1117 ("[M]andamus is only appropriate to compel an official to perform a duty if the duty is clear and indisputable."); *Brantley Farms v. Carlsbad Irrigation Dist.*, 1998-NMCA-023, ¶ 23, 124 N.M. 698, 954 P.2d 763 ("Mandamus does not issue to control a discretionary duty.").

{6}     To be clear, we do not take a position on the proper interpretation or application of the various statutory and regulatory provisions that bear upon the underlying matter. We merely conclude that the district court did not abuse its discretion in denying the requested peremptory writ of mandamus, given the complexity of the situation and the lack of clarity relative to the duty to perform as alleged. *See State ex rel. Black v. Aztec Ditch Co.*, 1919-NMSC-057, ¶ 6, 25 N.M. 590, 185 P. 549 ("The duties which will be enforced by mandamus must be such as are clearly and peremptorily enjoined by law, and where for any reason the duty to perform the act is doubtful the obligation is not imperative and the applicant must pursue other remedies.").

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE. R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**