212 P.2d 1049

**TAGGADER et al. v. MONTOYA.**

No. 5228.

Supreme Court of New Mexico.

Dec. 17, 1949.

Harry L. Bigbee, Santa Fe, for appellants.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., Dean S. Zinn, Santa Fe, for appellee.

BRICE, Chief Justice.

The question is whether the trial court erred in dismissing appellants' petition on its own motion, upon the asserted ground that the court was without jurisdiction of the matter in controversy.

The appellants filed a petition in the district court of Santa Fe County, in a cause entitled Richard Taggader and Jo Wollard, Petitioners, v. Tom O. Montoya, Chief of Division of Liquor Control of the State of New Mexico, Respondent. No. 22,942. The facts alleged, material to a decision, are as follows:

The petitioners are holders of a dispenser's liquor license issued by respondent authorizing the petitioners to dispense liquor by the drink and in unbroken packages, at 219 W. San Francisco Street, in the City of Santa Fe, New Mexico.

Petitioners applied to respondent for a transfer of their license so they could operate under it at 2404 Cerrillos Road in the City of Santa Fe. The building at that location does not come within the inhibitions of the laws of New Mexico or the ordinances of the City of Santa Fe, which restrict locations wherein such business may be maintained.

"That upon the petitioners herein duly complying with the provisions of Section 61-516 of the Supplement to the 1941 Compilation in connection with applying for a transfer of their license and upon notices being posted as provided therein and upon notice being given to the City Council of the City of Santa Fe, the same being the governing authority as provided in said Section, and upon proceedings being held pursuant to said Section, the Chief of Division, without any legal or proper cause denied the application of petitioners to transfer the said license on the 13th day of June, 1949.

"That the petitioners allege that the premises and building situated at 2404 Cerrillos Road is a proper location for the carrying on of a business under their said dispenser's license and that no proper ground exists or existed for the refusal of the application to transfer said license as provided by law."

The respondent filed his answer in the case, the contents of which are immaterial here because the trial court upon its own motion held that it had no jurisdiction of the controversy, in that no statute of New Mexico provided for an appeal to the district court from orders of the Chief of Division of Liquor Control in such cases, and accordingly dismissed the petition.

Ch. 61, N.M.Sts.1941, is a comprehensive code of laws providing for the licensing of dealers in intoxicating liquors. Licenses are issued to individuals with certain qualifications and who comply with certain requirements. But considerable discretion is given to an officer whose official title is "Chief of Division of Liquor Control" who

has the authority to issue licenses authorizing licensees to sell intoxicating liquors under strict rules and regulations provided by law. A construction of the following statutes will determine the question involved.

"It is hereby declared to be the policy of this act that the sale of all alcoholic liquors in the state of New Mexico shall be licensed, regulated and controlled so as to protect the public health, safety and morals of every community in this state; and it is hereby made the responsibility of the chief of division to investigate into the legal qualifications of all applicants for licenses under this act, and to investigate into the conditions existing in the community wherein are located the premises for which any license is sought, before such license is issued, to the end that licenses shall not be issued to unqualified or disqualified persons or for prohibited places of locations." Sec. 61-501, N.M.Sts. 1941.

"All licenses provided for in this act shall expire on June thirtieth of each year, and may be renewed from year to year under the rules and regulations of the division. Any New Mexico wholesaler, rectifier, winer, wine bottler, retailer, club or dispenser licensee in good standing at the expiration of any license year, (June 30), shall be entitled to a new annual state license for the succeeding license year if said licensee is otherwise entitled thereto under the provisions of this act. Provided,

however, that at the beginning of any new license year (July 1), and throughout the new license year, the chief of division of liquor control shall have the authority to limit, in his discretion, the number of additional New Mexico wholesaler, rectifier, winer, wine bottler, retailer, club or dispenser licenses to be issued within the state and every political subdivision thereof, and the chief of division, in his discretion, may refuse to issue any such additional licenses. Prior to passing on the issuance or rejection of any such additional retail, club, or dispenser license the chief of division shall notify the local board of county commissioners of the county, or the local governing board of the municipality, in which such new license is sought, that such an application has been filed and allow such local board twenty (20) days in which to file its recommendation, if any, on such application. If a hearing is requested in writing by such local board the chief of division shall hold such a hearing at a convenient time and place in the local option district involved for the purpose of determining whether or not such new additional license should be granted. The foregoing procedure shall also be followed in the case of the transfer or assignment of any then existing retail, club or dispenser license. In any such hearing the burden of proof on all material issues shall be upon the applicant for license, transfer or assignment. In determining whether

such new or additional licenses shall be limited or refused, the chief of division shall take into consideration the population of the locality involved, the number of existing licenses in the locality or area, and shall take into consideration the public health, safety and morals of such political subdivision, area or locality wherein any additional license is sought.

"Before any license may be transferred to use at a new location and before any new retailers or dispensers license is issued for a location where alcoholic liquors are not now being sold the chief of division shall cause a notice of the application therefor to be posted conspicuously on the outside of the front wall or front entrance of the immediate premises for which such liquor license or transfer is sought. The posting shall be in form of placard provided by the division of liquor control, and such posting shall be over a continuous period of twenty (20) days prior to the issuance of such license or transfer. No license or transfer of license shall issue until these posting requirements have been met and the applicant has paid to the division of liquor control the cost of such posting. It hereby is made unlawful for any person to remove or deface any notice posted in accordance with the term of this subsection and any person convicted of the violation of this provision shall be punished by a fine of not more than three hundred ($300.00) dollars or by imprisonment in the county jail for not more than one hundred and twenty (120) days or by both such fine .and imprisonment at the discretion of the court.

"Any person, firm or corporation aggrieved by any decision made by the chief of division as to the issuance or refusal to issue any such additional license may appeal therefrom to the district court of Santa Fe County, by filing a petition therefor in said court within thirty (30) days from the date of the decision of the chief of division, and a hearing on the matter may be held in the district court which hearing shall be de novo. Provided, however, that the decision of the chief of division shall continue in full force and effect, pending a reversal or modification thereof by the district court unless otherwise ordered by the court for good cause shown.

"Any appeal from the decision of the district court to the Supreme Court shall be permitted as in other cases of appeals from the district court to the Supreme Court." Sec. 61-516, as amended by Ch. 134, Sec. 1, N.M.L.1947.

As we read this statute, 61-516, it authorizes the Chief of Division of Liquor Control to (1) issue a new annual license to all licensees in good standing for the succeeding year; (2) limit the number of additional licenses within the state and every political subdivision thereof; (3) refuse,

in his discretion, to issue any such additional licenses; (4) authorize the transfer or assignment of an existing license to another; (5) authorize the use of an existing license at a new location.

The legislature authorized appeals by one aggrieved from decisions of the Chief of Division of Liquor Control "as to the issuance or refusal to issue" Additional Licenses, and from no other of his decisions. It is made plain that an "additional license" is one in addition to those in good standing at the time application is made for such additional license. It has no reference to the mere change of location for the authorized use of an existing license. This is so obvious that we find it unnecessary to further answer the quite lengthy argument of appellants on the question.

It is not contended that there is any other authority which authorizes this appeal. It may be that such questions should be subject to judicial review by appeal, but that is for the legislature to determine. In the absence of a statute authorizing it, there can be no appeal from the decision of a special tribunal. U. S. v. Arredoondo, 6 Pet. 691, 8 L.Ed. 547; Schluderberg & T. J. Kurdle Co. v. Baltimore, 151 Md. 603, 135 A. 412; 4 C.J.S., Appeal and Error, § 48; 2 Am.Jur. "Appeal & Error" Sec. 19.

If appellant has any remedy, a question not before us, it is not by appeal. The judgment of the trial court should be affirmed. It is so ordered.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.