In the Matter of William J. Shea et al., Respondents, against Alexander A. Falk et al., Constituting the Civil Service Commission of the State of New York, et al., Appellants.

Third Department, March 18, 1960.

*Louis J. Lefkowitz, Attorney-General* (*Paxton Blair* and *George H. Rothlauf* of counsel), for appellants.

*Rogge, Zucker, Fabricant & Gordon* (*Murray A. Gordon* of counsel), for respondents.

COON, J. Pursuant to what is now article XI of the Civil Service Law, the State of New York has set up a State Health Insurance Program. The sole issue on this appeal is the eligibility of the petitioners to enroll and participate in such program, and determinative of that issue is a construction of subdivision 1 of section 163 of the Civil Service Law, which reads: " All persons in the service of the state, whether elected, appointed or employed, who elect to participate in such health insurance plan shall be eligible to participate therein, provided, however, that the board may adopt such regulations as it may deem appropriate excluding temporary, part time or intermittent employment." Further narrowing the issue, the question is whether petitioners are " persons in the service of the state " within the meaning of the quoted section.

While the specific classifications and duties of the individual petitioners may vary, they are all members of the personnel of the Supreme Court of the State of New York, performing various full-time functions for that court. Since no one attempts to distinguish the individual eligibility of petitioners for participation in the health insurance plan, we may consider them collectively.

Their positions were created by acts of the Legislature, and pursuant to various sections of the Judiciary Law, they are appointed by, removable by, and their salaries are fixed by, Justices of the Supreme Court. (See Judiciary Law, §§ 102, 166, 270, 346.) Their full-time duties are directly concerned with the operation of the State court under the direction and supervision of the Justices thereof. Of course the Supreme Court is a constitutional court of unlimited and State-wide jurisdiction. There could be no possible question about their status as " persons in the service of the state " were it not for the fact that their compensation is paid by the City of New York, again pursuant to State statute.

It is argued that it was the intention of the Legislature to restrict participation in the State Health Insurance Program to

those paid by the State, and we are asked to construe subdivision 1 of section 163 of the Civil Service Law as though it read: " All persons in the service of the state and paid by the state ". The omission by the Legislature of the four words " and paid by the state " would seem to cry aloud that the Legislature did not intend any such limitation upon eligibility.

There was established by the Court of Appeals more than 100 years ago a rule of construction sometimes called the " plain meaning rule " to the effect that where the words of a statute are free from ambiguity and express plainly, clearly and distinctly the sense of the framers, resort may not be had to other means of interpretation. (*McCluskey* v. *Cromwell,* 11 N. Y. 593.) The rule has been restated repeatedly since. (*Matter of Smathers,* 309 N. Y. 487, 494; *Matter of Rathscheck,* 300 N. Y. 346, 350.)

We think that the language of section 163 is crystal clear that the State Health Insurance Program is available to " All persons in the service of the state " without further limitation. We may not read a further restriction into the statute without indulging in prohibitive judicial legislation. There seems to be and can be no serious question that petitioners are actually in the service of the State. In fact, it is stated without challenge in the opinion of the court below and in the petitioners' brief, that appellants in their brief in the court below conceded that petitioners were engaged in State service, saying, " We do not question that the petitioners are engaged in the performance of a State function."

When performing duties for a State court an officer of that court is a State officer and is performing the duties of a State officer. (*Olmsted* v. *Meahl,* 219 N. Y. 270.) The principal factors in determining the status of petitioners are the power of appointment and removal and the fixing of salaries by State officials. (*Matter of Bacom* v. *Conway,* 294 N. Y. 245.) Nor is the fact that petitioners are paid by the city or are eligible for the city health plan determinative. (*Matter of Bacom* v. *Conway, supra*; *Matter of Goodman* v. *Ralph,* 294 N. Y. 169.)

Appellants cite *Matter of Flaherty* v. *Craig* (226 N. Y. 76) as some authority to the contrary. The *Flaherty* case merely held that the Justices of the court must conform to certain budget procedures of the city in fixing salaries of court employees, and we find nothing therein which holds that Supreme Court employees are not State employees.

Appellants would draw an analogy between the present statute and subdivision e of section 40 of the New York State Retirement and Social Security Law, which expressly excludes from

the New York State Employees' Retirement System any employee who is eligible for participation in a locally financed retirement system. The very fact that such exclusion is specifically expressed in the statute would seem to indicate the necessity therefor if such was the intention.

An analogy is also urged between the present statute and section 3 of the Workmen's Compensation Law, group 16 of which excludes from State employment for the purpose of workmen's compensation an employee "whose wages are paid by a municipal corporation". This would seem to indicate that if the source of payment of compensation is to be the test the statute would so expressly state.

Nowhere in the law do we find any expressed legislative intention to impose such an exclusion upon participation in the State Health Insurance Program, nor do we find any language from which such an intention may be inferred. If, for reasons of administrative difficulties or reasons of State policy, it be desirable to limit participation in the State Health Insurance Program to those persons paid directly by the State, the limitation must be imposed by legislative and not judicial enactment.

The order should be affirmed.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, with costs.