In the Matter of MILTON L. REIN et al., Respondents-Appellants, v. ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York, et al., Appellants-Respondents.

Third Department, May 10, 1966.

J. *Lee Rankin, Corporation Counsel* (*Seymour B. Quel, Alfred Weinstein* and *Irwin L. Herzog* of counsel), for appellants-respondents.

*Murray A. Gordon* for respondents-appellants.

*Per Curiam.* Cross appeals are taken by petitioners and by respondents (for convenience collectively referred to as the city) from a resettled order, which we treat as a judgment (CPLR 411, 7806), of the Supreme Court, which, in a proceeding pursuant to article 78 of the CPLR, granted in part, and denied in part, petitioners' application for an order directing the Board of Estimate of the City of New York to pay to each petitioner the additional compensation to which he claims to be entitled pursuant to chapter 492 of the Laws of 1961 and chapter 640 of the Laws of 1962. Petitioners, almost 1,700 in number, comprise most of the nonjudicial personnel of the Supreme Court and of the Surrogate's Courts in the counties within the City of New York. At and prior to the time of the State-wide court reorganization which became effective September 1, 1962, some of the petitioners were employed in the County Courts of the counties within the City of New York and in the Court of General Sessions in the County of New York and as of that date became employees of the Supreme Court.

Chapter 492 of the Laws of 1961 is by section 1 thereof made applicable, in general, " to all officers or employees of the judiciary other than judges or official referees ". Section 3 thereof provides that, commencing May 4, 1961, " each state officer or employee to whom the provisions of [the] act are applicable " shall have " added to the compensation which he is otherwise entitled to receive " an amount determinable by the method of computation therein provided.

Chapter 640 of the Laws of 1962, effective August 1, 1962, similarly applicable to officers or employees of the judiciary, with certain exceptions, provided an additional increase of compensation in language which was, so far as here pertinent, identical with that of the 1961 act.

Intermediate these two State acts, the City of New York provided two salary increases for petitioners, one effective July 1, 1961 and the second effective July 1, 1962. Subsequent to the 1962 State act, which became effective August 1, 1962, the city

provided a third increase in petitioners' compensation, this becoming effective July 1, 1963.

Upon the enactment of chapter 492 of the Laws of 1961, and despite the stated applicability of that State act to "all officers or employees of the judiciary" (with the exceptions specified in the act), the city contended that the nonjudicial personnel of the State judiciary within the city, whose salaries were paid by the city, were not included and, accordingly, the city resisted an article 78 proceeding by the Supreme Court stenographers in the First Judicial Department and in Kings County to require payment to them of the so-called State increase but the stenographers were successful and it was established that the city was liable to pay the increase to them. (*Matter of Stich* v. *Wagner,* 18 A D 2d 454, affd. 14 N Y 2d 530.) The stated application of the acts "to all officers or employees of the judiciary", with the exceptions specified, and specifically to "each state officer or employee to whom the provisions of [the] act are applicable" (L. 1961, ch. 492, §§ 1, 3; L. 1962, ch. 640, §§ 1, 3), refers, of course, to all such officers and employees of the judiciary *of the State,* as petitioners' opposing and reply brief concedes; and it follows that as to those of the present petitioners within that category on the effective dates of the State acts, the holding in *Stich* is conclusive.

The decision at Special Term held all of the petitioners within that category or classification of State officers and employees; but we find no sound basis for including therein the nonjudicial personnel of the County Courts and the Court of General Sessions prior to September 1, 1962 or the officers and employees of the Surrogate's Courts at any time. Certain or all of these courts and former courts may well exercise, or have exercised occasional State functions, as do, or did certain of their Judges and other officers, but basically each of them was a local court, and the Surrogate's Courts so remain, under every pertinent test, including that which looks to the question whether some "State officer or body ever had the power or authority to appoint or discharge" the officers and employees concerned. (*Matter of Goodman* v. *Ralph,* 294 N. Y. 169, 172; and, see, Public Officers Law, § 2.)

The Special Term decision correctly denied cumulation of the State and city salary increases; and held that the employees to whom the State acts properly apply shall be paid salaries determined in each instance by the State statutes or by the city's budget actions, whichever shall provide the higher rate.

The decision was in error, however, in failing to give full and literal effect to the provisions of section 93c–2.0 of the Adminis-

trative Code of the City of New York which denies recovery upon claims for salary unless proper protests have been noted upon paychecks received and used for the particular payroll periods involved. (See *Anderson* v. *City of New York,* 281 App. Div. 539, affd. 306 N. Y. 803; *Matter of Stich* v. *Wagner,* 18 A D 2d 454, 456–457, affd. 14 N Y 2d 530, *supra.*)

We deem it unnecessary to discuss the remaining contentions advanced by the parties on their respective appeals.

The judgment should be modified, on the law and the facts, so as to restrict recovery to those petitioners employed by the Supreme Court within the effective periods prescribed by chapter 492 of the Laws of 1961 or chapter 640 of the Laws of 1962 or both; so as to dismiss the petition as to the remaining petitioners, without costs; and so as to limit recovery in each case to the payroll periods for which the petitioners otherwise entitled filed proper protests pursuant to section 93c–2.0 of the Administrative Code of the City of New York; and, as so modified, the judgment should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Judgment modified, on the law and the facts, so as to restrict recovery to those petitioners employed by the Supreme Court within the effective periods prescribed by chapter 492 of the Laws of 1961 or chapter 640 of the Laws of 1962 or both; so as to dismiss the petition as to the remaining petitioners, without costs; and so as to limit recovery in each case to the payroll periods for which the petitioners otherwise entitled filed proper protests pursuant to section 93c–2.0 of the Administrative Code of the City of New York; and, as so modified, judgment affirmed, without costs.