425 P.2d 308

**Boleslo P. PEREA, Plaintiff-Appellant,**

**v.**

**BOARD OF TORRANCE COUNTY COMMISSIONERS, Employer, and Houston Fire & Casualty Insurance Company, Insurer, Defendants-Appellees.**

**No. 8123.**

Supreme Court of New Mexico.

March 20, 1967.

**544**

N. Tito Quintana, Albuquerque, for appellant.

Sutin & Jones, Albuquerque, for appellees.

OPINION

CHAVEZ, Chief Justice.

In a suit brought by plaintiff-appellant Boleslo P. Perea to recover workmen's compensation, the trial court granted summary judgment in favor of appellees. From the order and judgment, appellant brings this appeal.

Appellant Boleslo P. Perea was injured while employed as a deputy district court clerk and as county juvenile probation officer in Torrance County. Appellant filed a claim for workmen's compensation against appellees, the Board of County Commissioners of Torrance County, employer, and Houston Fire & Casualty Insurance Company, insurer.

The question presented is whether appellant, at the time of injury, was an employee of the county. Appellant contends that in either, or both, of his positions as deputy district court clerk and juvenile probation officer of Torrance County he was an employee of the county.

In support of his contention, appellant cites 6291 Ops.Att'y Gen. 246 (1955) and 6299 Ops.Att'y Gen. 255 (1955). This court is not bound by opinions of the Attorney General. We need give them only such weight as we deem they merit. If we think they are right we follow and approve, and if we are convinced they are wrong we will reject them. First Thrift and Loan Association v. State, ex rel. Robinson, 62 N.M. 61, 304 P.2d 582; Hanagan v. Board of County Commissioners, 64 N.M. 103, 325 P.2d 282. Neither of the two opinions cited by appellant is concerned with the question of whether a deputy court clerk or a juvenile probation officer is an employee of the county with respect to coverage by the Workmen's Compensation Act. Opinion No. 6291 concluded that a probation officer, even though under the control of the district judge, could be included under the Retirement Act. Opinion No. 6299 held that probation officers and district court clerks could be included in a county coverage group under the Old-Age and Survivors Insurance System. Although reasoning may be found in both opinions implying that district court clerks and probation officers are county employees, such reasoning is not persuasive in the field of workmen's compensation, because it ignores the primary test used in determining employment status.

The primary test to determine employment status is the right to control the details of the work. 1A Larson's Workmen's Compensation Law, § 43.30, p. 627. Our Workmen's Compensation Act is based upon an employer-employee relationship. Section 59–10–12(h), N.M.S.A., 1953 Comp., defines the word "employer" as including the state and each county, and § 59–10–12 (i), N.M.S.A., 1953 Comp., provides:

" 'Workman' means any person who has entered into the employment of or works under contract of service or apprenticeship, with an employer, * * *."

In Mendoza v. Gallup Southwestern Coal Co., 41 N.M. 161, 66 P.2d 426, we stated:

"The words 'employer and employee' as used in the New Mexico Workman's Compensation Act are used in their natural sense and intended to describe the conventional relation between the employer who pays wages to an employee for his labor. * * *

"One of the tests of the relation of employer and employee is that the employer retains the right to direct the manner in which his business shall be done and the result to be accomplished. * * *"

The record reveals that appellant was appointed deputy district court clerk and juvenile probation officer by the district judge of the Seventh Judicial District. Appellant's instructions and duties were prescribed by, and he performed his duties under the direction, supervision and control of, the district judge and district court clerk. Appellant was paid by warrants

issued by the district court clerk. Further, the right to control and direct the details of the duties of probation officers and district court clerks is given to the district judge by §§ 13–8–12 and 16–3–34, N.M.S.A., 1953 Comp.

 The facts show that appellant served under the direction and control of the district judge, who is a state officer for the same reason that district attorneys are state officers. See, Ward v. Romero, 17 N.M. 88, 125 P. 617. Under the Workmen's Compensation Act, appellant must be· employed by the county in order to sue the ·county. The County Commissioners of Torrance County did not appoint appellant, prescribe his duties, give him any orders or directions, exercise any supervision or control over him, or include his salary in their budget. Because of these factors, appellant did not enter "into the employment of" ·the county or work "under contract of service or apprenticeship" with the county. .Appellant· cannot, therefore, be considered .a county employee within the meaning· of the Workmen's Compensation Act.

 Appellant argues that the district court fund is a county fund and, because appellant's salary is derived from that fund, that he is a county employee. This argument is without merit. First, the method of payment is merely one of the subordinate factors considered in the right to control test. 1A Larson's Workmen's Compensation Law, § 43.53, p. 634. In the instant case, this factor is outweighed by other factors developed by the record showing the district judge's right to control and the exercise of that control. Second, the mere payment of wages is not sufficient to establish the employer and employee relationship, Guarantee Ins. Co. Limited Mutual v. Industrial Accident Commission, 22 Cal.2d 516, 139 P.2d 905, but only tends to establish the relationship of employer and employee, Davis v. Julian, 152 Kan. 749, 107 P.2d 745. Finally, it has been held that when performing duties for a state court the principal factors, in determining the status of an employee, are the power of appointment and removal and the fixing of salaries, not the fact that the employee may be paid from the fund of a lesser political entity. Shea v. Falk, 10 A.D.2d 142, 197 N.Y.S.2d 768, aff'd 8 N.Y.2d 1071, 207 N.Y.S.2d 285, 170 N.E.2d 415; accord, Rein v. Wagner, 45 Misc.2d 733, 257 N.Y.S.2d 385, mod'f 25 A.D.2d 356, 269 N.Y.S.2d 578.

Appellant's second point appears to be based upon this court's concluding that appellant was a county employee. Since we hold that appellant was not a county employee, this point need not be considered.

Finding no error, the judgment is affirmed.

It is so ordered.

CARMODY, J., and OMAN, J., Ct.App., concur.