480 P.2d 691

Bishop Lester CROWE, Pentecostal Lighthouse Church, also known as Pentecostal Gospel Lighthouse Church, Apostolic World Churches, Inc., J. B. Tidwell, James F. Blaine, Ivey D. Massey and F. Ray Smith, Plaintiffs-Appellants,

v.

STATE of New Mexico, ex rel. L. A. McCULLOCH, Jr., Director of Liquor Control, Bureau of Revenue, and Barber Super Markets, Inc., d/b/a Foodway, Defendants-Appellees.

No. 9089.

Supreme Court of New Mexico.

Feb. 8, 1971.

Neal & Neal, Hobbs, Merrill L. Norton, Lovington, for appellants.

Hernandez, Atkinson, Kitts, Kelsey & Hanna, Albuquerque, for Barber's Super Markets, Inc.

James A. Maloney, Atty. Gen., Ray H. Shollenbarger, Jr., Asst. Atty. Gen., Santa Fe, for Bureau of Revenue.

OPINION

OMAN, Justice.

This suit was filed by plaintiffs on February 24, 1969, pursuant to the provisions of § 46–5–16(E), N.M.S.A.1953 (Repl. Vol. 7, 1966) seeking review of the acts of the Chief of the Division of Liquor Control in connection with the claimed issuance of an additional liquor license within the City of Hobbs. The trial court dismissed plaintiffs' petition on the ground that it fails to state a claim upon which relief can be granted. We affirm.

In their respective briefs filed in this court, the parties have taken the position that the trial court's order, if it is to stand, must do so on either (1) the ground the petition shows the "issuance" of an "additional license" was not involved, or (2) on the ground plaintiffs were not persons aggrieved by the decision within the provisions of § 46–5–16(E), supra. We base our decision on the first of these grounds, and, therefore, need not and do not consider the second ground.

Section 46–5–16(E), supra, provides in part:

"Any person, firm or corporation aggrieved by any decision made by the chief of division as to the *issuance or refusal to issue any additional license* may appeal to the district court of Santa Fe by filing a petition therefor in the court within thirty [30] days from the date of

the decision of the chief of division, * * *." (Emphasis added)

In their petition, plaintiffs, in effect, alleged the defendant, Barber Super Markets, Inc., filed an application for the transfer of ownership and location of a certain numbered liquor license; this liquor license was required to be cancelled by the Chief of Division for claimed violations by the licensee of § 46–6–1, N.M.S.A.1953 (Repl. Vol. 7, 1966), and, thus, the license had become invalid; and, therefore, the purported transfer of the license was not, in fact, a transfer, but the issuance of an additional license.

Plaintiffs concede § 46–5–16(E), supra, which gives the right of appeal from decisions of the Chief of Division, "as to the issuance" of "any additional license," does not give the right to appeal from decisions authorizing a transfer of an existing license. See Taggader v. Montoya, 54 N.M. 18, 212 P.2d 1049 (1949). However, they argue the license was required to be cancelled, and, therefore, was cancelled by operation of law. Thus, there was no license to transfer. They cite no authority for their position that the license was cancelled by operation of law, and they have neither alleged in their petition nor claimed in their arguments in this appeal that the license was, in fact, cancelled by the Chief of Division. On appeal the decision of the trial court will be presumed correct until the contrary is clearly shown. Ellis v. Parmer, 76 N.M. 626, 417 P.2d 436 (1966); State v. Travis, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968).

It appears that the provisions of § 46–6–4, N.M.S.A.1953 (Repl. Vol. 7, 1966), (amended July 1, 1969), concerning proceedings and hearings, may not be applicable to claimed failures to comply with the provisions of § 46–6–1, supra, and in

Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225 (1940), it was held, in the absence of statutory provisions for notice and hearing before cancellation of a license, the licensee has no legal right to such notice and hearing. However, all of Chapter 46, Articles 1 through 11, including § 46–6–1, supra, are a part of the Liquor Control Act. Section 46–1–1.1, N.M. S.A.1953 (Repl. Vol. 7, 1966). It is one of the duties of the Chief of Division to "cancel" licenses. Section 46–2–4(g), N. M.S.A.1953 (Repl. Vol. 7, 1966), (repealed July 1, 1969). Before cancelling a license pursuant to this duty, the Chief of Division must, of necessity, determine the facts which would authorize the cancellation. Floeck v. Bureau of Revenue, supra; Lorenzino v. State ex rel. James, 18 N.M. 240, 135 P. 1172 (1913). As already stated, plaintiffs do not allege in their petition or contend in their arguments before us that the Chief of Division either made such a determination of facts or cancelled the license which was transferred to defendant, Barber Super Markets, Inc. To accept plaintiffs' argument, that the license had been cancelled by operation of law, would be to relieve the Chief of Division of his duties to make a determination of facts authorizing the cancellation and to effect the cancellation pursuant thereto, and, in the case now before us, would be to give the court power to declare a license cancelled by operation of law without giving the licensee an opportunity to be heard, since the licensee was not made a party to this suit.

The order dismissing the petition should be affirmed.

It is so ordered.

TACKETT and McMANUS, JJ., concur.