506 P.2d 333

CITY OF TRUTH OR CONSEQUENCES, a
Municipal Corporation, Plaintiff-
Appellee,

v.

STATE of New Mexico, DEPARTMENT OF
ALCOHOLIC BEVERAGE CONTROL,
et al., Defendants-Appellants.

No. 9501.

Supreme Court of New Mexico.

Jan. 5, 1973.

Rehearing Denied Feb. 23, 1973.

Frederick A. Smith, Truth or Conse-
quences, for Charlie R. Jones.

David L. Norvell, Atty. Gen., Thomas
L. Dunigan, Asst. Atty. Gen., Roy G. Hill,
Sp. Asst. Atty. Gen., Santa Fe, for Dept.
of Alcoholic Beverage Control.

George A. Graham, Jr., Truth or Conse-
quences, for plaintiff-appellee.

OPINION

McMANUS, Chief Justice.

This suit was brought in the District
Court of Santa Fe County by the City of
Truth or Consequences, plaintiff, to set
aside the transfer of a liquor license by
defendant, Carlos L. Jaramillo, Director
of the New Mexico Department of Alco-
holic Beverage Control. The transfer was
set aside and defendant appeals.

We hold that the district court did not
have jurisdiction to entertain an appeal
from this particular action of the defend-
ant. Section 46–4–9, N.M.S.A.1953, pro-
vides for an appeal by "Any person ag-
grieved by a decision of a governing body
pursuant to section 46–4–8 New Mexico
Statutes Annotated * * *," but in this
case plaintiff is not aggrieved by such a
decision. Section 46–5–16, N.M.S.A.1953,
provides for an appeal from decisions con-
cerning "the issuance or refusal to issue
any additional license." In this case, how-
ever, there was a license transfer. Final-
ly, § 46–6–6, N.M.S.A.1953, deals with ap-
peals from license revocations and suspen-
sions, but not transfers.

We know of no statute which allows an
appeal from the action of defendant in
transferring a liquor license. See also
Taggader v. Montoya, 54 N.M. 18, 212 P.
2d 1049 (1949), and Crowe v. State ex rel.
McCulloch, 82 N.M. 296, 480 P.2d 691
(1971).

Reversed.

It is so ordered.

STEPHENSON and MONTOYA, JJ.,
concur.

ON MOTION FOR REHEARING

McMANUS, Chief Justice.

The question of jurisdiction of the dis-
trict court to hear the cause was not called

**590**

to the attention of the trial court below. However, the record indicates that appellee contemplated an appeal from the decision of the liquor director and we continue to note the lack of jurisdiction to hear such an appeal.

The motion for rehearing is denied. It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.