517 P.2d 69

**CITY OF SANTA ROSA, a Municipal Corporation, Petitioner-Appellee,**

v.

**Carlos L. JARAMILLO, Director, Department of Alcoholic Beverage Control, and Canuto Sanchez, Jr., Respondents-Appellants.**

No. 9690.

Supreme Court of New Mexico.

Dec. 7, 1973.

Rehearing Denied Jan. 4, 1974.

Branch, Dickson & Dubois, Albuquerque, for respondents-appellants.

Zinn & Donnell, Santa Fe, Jose E. Armijo, Las Vegas, for petitioner-appellee.

## OPINION

McMANUS, Chief Justice.

Appellee is a municipal corporation and, in that capacity, disapproved the application of appellant Sanchez for transfer of ownership of a dispenser's liquor license to his name, and transfer of its location from a point 2½ miles west of Santa Rosa to an address within the city limits. Despite the disapproval of the City, appellant Carlos L. Jaramillo (hereinafter called Director), in his capacity as Director of the New Mexico Department of Alcoholic Beverage Control, approved the transfer of ownership and location.

On September 2, 1971 appellee instituted a suit for an alternative writ of mandamus compelling the Director to cancel the license, and to set aside his action transferring the ownership of the license and transferring the location of this license to appellant Sanchez. The District Court of Santa Fe County granted appellee the relief sought.

The trial court held that it had jurisdiction over the parties and the subject-matter of this action, and that the City of Santa Rosa had standing to maintain the action. We agree.

Although the facts of this case are substantially the same as those presented in City of Truth or Consequences v. State, Dept. of Al. Bev. Con., 84 N.M. 589, 506 P.2d 333 (1973), the outcome need not be the same. We there held that the district court did not have jurisdiction to entertain an appeal by the City because no statute allows such an appeal from the director's action in transferring a liquor license. See §§ 46–4–9, 46–5–16, 46–6–6, N.M.S.A.1953 (Repl.Vol. 7, 1966); Crowe v. State ex rel. McCulloch, 82 N.M. 296, 480 P.2d 691 (1971); Taggader v. Montoya, 54 N.M. 18, 212 P.2d 1049 (1949). However, the fact

that a city has no right to an appeal does not mean that it cannot bring an action for a writ of mandamus. In other words, the City in *Truth or Consequences,* supra, merely misconstrued its remedy.

Appellants contend that the City does not have standing to bring this action. We cannot agree with this contention because the sale of liquor within the municipality affects the welfare and morals of the community. As stated in § 46–5–1, N.M.S.A.1953 (Repl.Vol. 7, 1966):

> "* * * [T]he sale of all alcoholic liquors in the state of New Mexico shall be licensed, regulated and controlled so as to protect the public health, safety and morals of every community in this state; * * *."

In a case which is substantially similar to this one, State v. Cochran, 112 So.2d 1, 5 (Fla.1959), it was stated:

> "Where the object is the enforcement of a public right the people are regarded as the real party, and the relator [Santa Rosa] need not show that [it] has any legal interest in the result. * * * It seems clear to us that the act of the respondent [Director] so affects the relator municipality and all citizens thereof as to characterize it as an act of public nature. It cannot be doubted that *the sale of liquor within the municipality may affect the welfare and morals of the community.* * * * To the extent that the issuance [or transfer] of liquor licenses is authorized by the statute the municipality cannot complain of the issuance thereof for use within its boundaries, but *the municipality and all its citizens, have a common public right to secure cancellation of the issuance [or transfer] of such a license for use within its boundaries where not authorized under the statute. The right may be enforced by mandamus brought by the municipality as a legal entity."* (Emphasis added.)

Also see City of Albuquerque v. Burrell, 64 N.M. 204, 326 P.2d 1088 (1958); 56 Am.

Jur.2d Municipal Corporations, § 863 at 843 (1971).

When a municipality is not given a right to appeal and thus has no plain, speedy, or adequate remedy at law to enforce its rights to protect the health, safety, welfare and morals of its residents, these rights may be enforced by mandamus. See § 22–12–5, N.M.S.A.1953. Furthermore, mandamus is the proper remedy to compel performance of an official act by a public officer. Laumbach v. Board of County Commissioners, 60 N.M. 226, 290 P.2d 1067 (1955); Heron v. Garcia, 48 N.M. 507, 153 P.2d 514 (1944).

The district court also held that the liquor control act does not authorize the transfer of a liquor license from a location within five miles of the corporate limits of Santa Rosa to a location within the city limits and, therefore, the Director had no authority to grant the transfer application. In Baca v. Grisolano, 57 N.M. 176, 185, 256 P.2d 792, 798 (1953), it is stated that the Director " * * * has only such powers as are granted by the legislature. His powers are specifically described and limited."

Section 46–5–24(b), N.M.S.A.1953 (Repl. Vol. 7, 1966), provides, in part:

> "[N]o new or additional license shall be issued in unincorporated areas or transfers approved for locations or premises situate within five [5] miles of the corporate limits of any municipality, except that transfer of a license already within the five [5] mile zone may be made:
>
> (1) to another location within the zone; and
>
> (2) from the municipality to a location within the zone."

There is nothing in this language which states either directly or indirectly that a license within the 5-mile zone may be transferred to a location within the municipality.

The age-old Latin phrase *inclusio unius est exclusio alterius* is applicable here. It means the inclusion of one thing is the ex·

clusion of the other. The legislature did not see ·fit to include it in the statute, therefore it is excluded. As stated in State ex rel. Barela v. New Mexico State Bd. of Ed., 80 N.M. 220, 222, 453 P.2d 583, 585 (1969), "We are not permitted to read into a statute language which is not there, particularly if it makes sense as written."

Several Attorney General opinions [the most recent being 62–144 Op. Att'y Gen. 518, 520 (1962)] have stated that a transfer from within the 5-mile zone to a location within the municipality is proper. However, as this court stated in First Thrift and Loan Association v. State, 62 N.M. 61, 70, 304 P.2d 582, 588 (1956):

> "We are not bound by them [Attorney General opinions] in any event, giving them such weight only as we deem they merit and no more. If we think them .right, we follow and approve, and if convinced they are wrong, * * * we reject and decline to feel ourselves bound."

See also Perea v. Board of Torrance County Commissioners, 77 N.M. 543, 425 P.2d 308 (1967); Hanagan v. Board of County Commissioners, 64 N.M. 103, 325 P. 2d 282 (1958).

■ In the case now before us, we indeed decline to feel ourselves bound and we reject the aforementioned Attorney General opinions. We therefore hold that the Director lacks authority to make transfers from within the 5-mile zone to a location within the municipality.

The district court also found that the Director has a clear and present legal duty to cancel the liquor license in question because of non use in compliance with § 46–6–1, N.M.S.A.1953 (Repl.Vol. 7, 1966). The trial court found that appellant Sanchez's predecessor in interest ceased operating a business under his license on or about June 14, 1970; that the Department of Alcoholic Beverage Control authorized suspension of operations under the license for a period of ninety days beginning September 15, 1970, and again for an additional period of ninety days ending on March 12, 1971. Appellant Sanchez did not begin operation of his liquor business until July 6, 1971.

Section 46–6–1(C), supra, provides that no more than two 90-day temporary suspensions may be granted in any one license year (i.e., from July 1 to June 30), and that the license of any person failing to comply with this section *shall be cancelled.* In the present case, two 90-day suspensions had already been granted within one license year and, absent other facts (which the district court did not find present), the Director should have cancelled the license.

However, we held in Crowe v. State, 82 . N.M. 296, 297, 480 P.2d 691, 692 (1971), that:

> "[To cancel a license by operation of law, i.e., not by director mandate] * * * would be to relieve the Chief of Division of his duties to make a determination of facts authorizing the cancellation and to effect the cancellation pursuant thereto, and, *in the case now before us, would be to give the court power to declare a license cancelled by operation of law without giving the licensee an opportunity to be heard, since the licensee was not made a party to this suit.*" (Emphasis added.)

■ This evil of cancellation by the court without giving the licensee an opportunity to be heard is not present here. The licensee was made a party to the lawsuit and given an opportunity to be heard. Furthermore, in *Crowe,* supra, two 90-day suspensions had not been granted, petitioners merely asserting general non-use. In the case at bar there are really no facts for the Director to determine. Section 46–6–1, supra, specifically states that the license shall be cancelled upon the running of two 90-day suspensions. As stated supra, it was found by the district court (and admitted by the Director) that such suspensions had run. Thus the Director had no discretionary matters left to determine. As stated in State v. Town of Shelbyville, 192 Tenn. 194, 206, 240 S.W.2d 239, 244 (1951):

> "Where the discretion is as to the existence of facts entitling the relator to

the thing demanded, if facts are clearly proved or admitted, mandamus will lie to compel action according to law, for in such case the act to be done becomes purely ministerial and the duty to perform it is absolute."

Also see State v. Philpot, 364 Mo. 735, 266 S.W.2d 704 (1954); Riesland v. Bailey, 146 Or. 574, 31 P.2d 183 (1934); Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62 (1887).

Thus, on the facts presented, the Director was required to follow the statute. He not only had the power and right to cancel the license, but he also had the duty to so do. In addition, the district court itself is not cancelling the license here, but is merely commanding the Director to cancel the license by way of mandamus.

Affirmed. It is so ordered.

OMAN, STEPHENSON, and MARTINEZ, JJ., concur.

MONTOYA, J., not participating.