593 P.2d 58

**STATE of New Mexico ex rel. Toney ANAYA, Attorney General, Plaintiff-Appellant,**

v.

**Carlos JARAMILLO, Director, Department of Alcoholic Beverage Control, et al., Defendants-Appellees.**

No. 12023.

Supreme Court of New Mexico.

April 2, 1979.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Gallegos & Benavidez, Edward F. Benavidez, Santa Fe, for Jaramillo.

Booker Kelly, Santa Fe, for Seim.

David L. Norvell, Albuquerque, for Vigil.

OPINION

FEDERICI, Justice.

This case arose through the filing of a declaratory action in the District Court of Santa Fe County by the State of New Mexico (State) against the Director of the Department of Alcoholic Beverage Control (Department) and others, to set aside a transfer of a liquor license. The license had been transferred from within the five-mile buffer zone to a location outside that five-mile buffer zone but within the county. No transfer to a location within a municipality or within the five-mile buffer zone was involved. The Department filed a motion to dismiss for failure to state a claim upon which relief could be granted. After a hearing on the motion, the trial court dismissed the complaint on the ground that "the unreported decision of the New Mexico Supreme Court in *Severo H. Benavidez vs. State of New Mexico Department of Alcoholic Beverage Control and Carlos L. Jaramillo, Director*, No. 10,353, controls the liquor license transfer which is the subject of the First Amended Complaint for Declaratory Relief." The Attorney General's office was involved in *Benavidez* and the Attorney General's office and the New Mexico Department of Alcoholic Beverage Control and Carlos L. Jaramillo, Director, are parties in this appeal.

The State contends that the reported case of *City of Santa Rosa v. Jaramillo*, 85 N.M. 747, 517 P.2d 69 (1973) controls and that the unreported, unpublished decision in *Benavidez* has no value as precedent and should not be controlling with regard to the transfer involved in this case. We disagree.

The Department contends that *Benavidez* has value as precedent and authorizes the transfer of the liquor license involved in this case. We agree.

The case of *City of Santa Rosa*, relied on by the State, is not applicable to the present case. That case involved a transfer of liquor license from the five-mile buffer zone to a location within a municipality. The present case does not involve a transfer from the five-mile buffer zone to a location within a municipality but rather a transfer from within the five-mile buffer zone to another location within the county, but outside the five-mile buffer zone.

It has been established in New Mexico, by rule, that in criminal cases "[a]n order or memorandum opinion, because it is unreported and not uniformly available to all parties, shall not be cited as precedent"; therefore, no precedential value can be accorded to unpublished decisions in *criminal* cases of both the New Mexico Supreme Court and the New Mexico Court of Appeals. N.M.R.Crim.App. 601(c), N.M.S.A. 1978. The Court of Appeals follows the same rule in *civil* cases. *See* § 34–5–13, N.M.S.A.1978 (formerly § 16–7–13, N.M.S.A.1953) and *Villegas v. American Smelting & Refining Co.*, 89 N.M. 387, 552 P.2d 1235 (Ct.App.1976). The New Mexico Supreme Court has not determined the issue as to its own unpublished decisions in *civil* cases.

An extended discussion on the effect to be given in the future by the courts to unpublished decisions of the Supreme Court in *civil* cases is deemed unnecessary since this Court hereby adopts the following rule, subject to required implementation:

Rule . Opinions in Civil Cases.

(a) *Necessity*. In civil cases it is unnecessary for the court to write formal opinions in every case. Disposition by order or memorandum opinion does not mean that the case is considered unimportant. It does mean that no new points of law, making the decision of value as a precedent, are involved.

(b) *Decision by order or memorandum opinion*. When the court determines that one or more of the following circumstances exists and is dispositive of the case, it may dispose of the case by order or memorandum opinion: (1) the issues presented have been previously decided by the supreme court or court of appeals; (2) the presence or absence of substantial evidence disposes of the issue; (3) the issues are answered by statute or rules of court; (4) the asserted error is not prejudicial to the complaining party; (5) the issues presented are manifestly without merit.

(c) *Publication of opinions*. All formal opinions shall be published. An order or memorandum opinion, because it is unreported and not uniformly available to all parties, shall not be cited as precedent.

Since there was no rule in effect at the time this case was on appeal, and since the unpublished decision by this Court in *Benavidez* was legally correct, and since the Court had set forth the ultimate facts, the basis for its conclusion and the legal result reached, the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., McMANUS, Senior Justice, and EASLEY and PAYNE, JJ., concur.