626 P.2d 1288

**Louise LASLEY, d/b/a Villa Romano, Petitioner-Appellant,**

v.

**James BACA, Director, Department of Alcoholic Beverage Control, Respondent-Appellee.**

**No. 13197.**

Supreme Court of New Mexico.

April 22, 1981.

Carl J. Schmidt, Albuquerque, for petitioner-appellant.

Jeff Bingaman, Atty. Gen., Arthur J. Waskey, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

FEDERICI, Justice.

There is no dispute as to the facts in this case. A statement of the case, statement of the facts, and statement of the proceedings applicable in this appeal are fully and clearly set forth in appellant's brief in chief and not objected to in appellee's answer brief.

On December 18, 1975, appellant (Louise Lasley) was issued New Mexico Alcoholic Beverage Dispenser's Liquor License No. 1867. Operation of the license was to be in Bernalillo County. Lasley had a building constructed at the approved location and the business was to be known as the Villa Romana.

Lasley opened for business on or about May 1, 1976. On or about August 29, 1976, Lasley was charged by the New Mexico Alcoholic Beverage Control Department (Department) with failure to operate her liquor license in accordance with the State statutes. A hearing was held before the Department. The director of the Department presided at that hearing and License No. 1867 was ordered cancelled for failure to operate the business during business hours as required by that part of the Liquor Control Act governing revocation of licenses, Sections 60–8–1 to 60–8–11, N.M.S.A. 1978 (Orig.Pamp. and Cum.Supp.1980).

Lasley filed a petition in the District Court of Santa Fe County alleging that the director of the Department was not authorized by statute to preside at revocation or cancellation hearings. The district court ruled in favor of Lasley and the order of the director cancelling License No. 1867 was set aside.

Thereafter, on October 10, 1978, an order to show cause was directed to Lasley. The order was signed by Donald M. Salazar, Hearing Officer, Department of Alcoholic Beverage Control. A hearing was held on October 25, 1978, culminating in an order by the hearing officer again revoking License No. 1867.

Lasley petitioned the District Court of Santa Fe County for review and reversal of the decision of the hearing officer. The district court held that the decision of the hearing officer should be affirmed. Lasley appeals. We reverse.

The issues on appeal are:

*POINT I*: WHETHER THERE IS SUBSTANTIAL EVIDENCE TO SUPPORT THE ORDER OF THE HEARING OFFICER AND THE DISTRICT COURT.

*POINT II*: WHETHER THE HEARING OFFICER LACKED JURISDICTION OR AUTHORITY TO PROCEED BECAUSE THE DIRECTOR OF THE DEPARTMENT WAS NOT PRESENT.

*POINT III*: WHETHER THE ORDER TO SHOW CAUSE ISSUED TO APPELLANT HEREIN WAS INVALID BECAUSE IT WAS NOT ISSUED BY THE DIRECTOR OF THE DEPARTMENT AS REQUIRED BY STATUTE.

We consider only Point III, since it is dispositive of this appeal. Under this point, Lasley contends that the Department has failed to meet the statutory mandatory requirements relating to revocation of licenses, in that the director did not issue the order to show cause but rather that order was issued and signed by the hearing officer.

■ Section 60–8–6 prescribes the procedures the Department must follow in proceedings involving license revocation. This

Court has indicated that a hearing is also required for the cancellation of a license under Section 60–8–1. *Crowe v. State ex rel. McCulloch*, 82 N.M. 296, 480 P.2d 691 (1971), *City of Santa Rosa v. Jaramillo*, 85 N.M. 747, 517 P.2d 69 (1974). We conclude that Section 60–8–6 must be followed in license cancellation proceedings as well. Under Section 60–8–6, when any inspector or agent of the Department comes upon witnesses or learns of any licensee violating the Liquor Control Act, he shall conduct an investigation and report back to the director whether or not in his opinion probable cause exists for revocation of the license. If the director believes from any such report that probable cause exists for filing charges, he shall file such charges in the Department. Section 60–8–6(F) and (G) provides:

> F. The chief of division [director] shall then issue an order for the licensee to be and appear before him at a certain day and hour, at a designated place in this state, then and there to show cause, if any the licensee has, why his license should not be revoked . . . on any ground or grounds set out in the charge. . . . The chief of division [director] shall send a true copy of the order to show cause to the governor with a request for the appointment of a liquor control hearing officer to preside over the hearing. The governor shall appoint a hearing officer within five days from the date of the receipt of the request.
>
> G. The chief of division [director] shall then have served upon the licensee, in the same manner as is provided by law for service of process out of the district courts, a copy of the charge and a copy of the order to show cause at least ten days before the date set for the appearance of the licensee before him to show cause why his license should not be revoked.

Section 60–8–5 provides:

> A. The governor shall appoint a liquor control hearing officer to preside over any hearing required under the provisions of the Liquor Control Act.

. . . .

> B. A liquor control hearing officer shall be an attorney licensed to practice law in the state of New Mexico who has engaged actively in the practice of law in this state for a period of not less than three years prior to his appointment. No public officer or employee shall be eligible for appointment as a hearing officer. The hearing officer shall be impartial and void from personal bias insofar as the particular proceeding is concerned.

Section 60–8–6(H) further provides that the hearing officer shall be present at the time and place mentioned in the order to show cause and that the director shall also be present to prosecute the complaint. The statute then proceeds to require that the hearing officer make a record of the hearing, administer oaths, hear the evidence and make findings and conclusions based thereon. The final act of the hearing officer is to enter his or her order of dismissal or order of revocation or suspension.

The obvious intent of the Legislature was to make certain that the director did not act as both prosecutor and judge. The statute provides that the charges are filed by the director and that the director be present at the hearing to present any evidence or testimony in rebuttal of that produced by the licensee. On the other hand, an independent hearing officer appointed by the Governor presides over and conducts the hearings and concludes them with entry of findings and final judgment. Neither the officer nor the director has the authority to preempt the rights of the other.

The order to show cause which was issued on October 10, 1978 by the Department against License No. 1867 is signed as follows:

Donald M. Salazar [signature]
DONALD M. SALAZAR, Hearing Officer
Department of Alcoholic Beverage Control

■ The contention that the order to show cause was invalid was not raised until

the appeal before this Court. It is well known to the bench and bar that "matters not brought into issue by the pleadings and upon which no decision of the trial court has been sought, or fairly invoked, cannot be raised on appeal." *Albuquerque Prod. Credit Ass'n. v. Martinez,* 91 N.M. 317, 319, 573 P.2d 672, 674 (1978) (Citations omitted.). However, an attack on subject matter jurisdiction may be made at any time in the proceedings, including for the first time on appeal. *Mundy & Mundy, Inc. v. Adams,* 93 N.M. 534, 602 P.2d 1021 (1979). A lack of subject matter jurisdiction means a lack of authority to decide the matters presented. *Grace v. Oil Conservation Commission of New Mexico,* 87 N.M. 205, 531 P.2d 939 (1975). Here, Lasley complains that the order to show cause was not issued by the director, as prescribed by statute. Therefore, the order is void and the hearing officer never obtained authority to decide the matter.

We agree that if the order to show cause is void, there is no subject matter jurisdiction conferred upon the hearing officer to hear and determine the matter. *Cf. Citizens Bank, Farmington v. Robinson Bros. Wrecking,* 76 N.M. 408, 415 P.2d 538 (1966); and *Johnson v. Terry,* 48 N.M. 253, 149 P.2d 795 (1944).

While we have not found any case directly on point, nor has counsel directed us to any, we have found a number of cases which discuss the validity of issuance of process where the signature of the officer authorized to issue process is omitted. *See* Annot., 37 A.L.R.2d 928 (1954). While there is some difference of opinion among the jurisdictions as to whether defects in the process make it void or merely voidable, most critics consider that a substantial defect is always fatal to the effectiveness of process. *Holmes v. Polk City Sav. Bank,* 278 N.W.2d 32 (Iowa 1979). *See Mega v. Anglo Iron & Metal Co. of Harlingen,* 601 S.W.2d 501 (Tex.Civ.App.1980).

We find a useful analogy by examining Rule 4(b) of our Rules of Civil Procedure (N.M.S.A.1978, Repl.Pamp.1980). That rule states: "The summons shall be signed by the clerk [and] issued under the seal of the court." This is identical to the federal rule (Fed.R.Civ.P. 4(b)). 2 Moore's Federal Practice ¶ 4.07[1] at footnote 2 (2d ed. 1980), states: "[A] summons, in a federal action, governed by the first sentence of Rule 4(b), that is not issued by the clerk would be void. See *Kramer v. Scientific Control Corp.* (E.D.Pa.1973) 365 F.Supp. 780, 788." 62 Am.Jur.2d *Process* § 9 (1972) and cases cited therein also indicate that where no officer with apparent or proper authority signs the summons, *and* it does not emanate from the proper authority, it is void.

In this case, the issuance of the order to show cause is the jurisdictional basis for the action. There was not merely an omission of the signature, but a person without statutory authority to issue process issued it.

The hearing officer cannot be considered an agent of the director here, because Section 60–8–5 requires appointment of an impartial officer who is not connected to the Department. The defect in process was substantial and the process was void. Since the process was void, the hearing officer and the trial court never obtained subject matter jurisdiction over Lasley. *See Matter of Estate of Baca,* 95 N.M. 294, 621 P.2d 511 (1980).

The judgment of the trial court is reversed and the order of the director is set aside as null and void for lack of jurisdiction.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior J., concur.