810 P.2d 349

**THRIFTWAY MARKETING CORPORA-TION, Petitioner–Appellee,**

v.

**The STATE of New Mexico, Governor Garrey R. Carruthers, Department of Alcoholic Beverage Control, and its Director, Ray Shollenbarger, Respondents–Appellants.**

No. 12351.

Court of Appeals of New Mexico.

Oct. 18, 1990.

Robert D. Benson, Farmington, for petitioner-appellee.

Hal Stratton, Atty. Gen., Wanda J. Wilkinson, Asst. Atty. Gen., Santa Fe, for respondents-appellants.

Earl R. Mettler, Mettler & LeCuyer, P.C., Albuquerque, for amicus curiae/applicants to intervene, The Nageezi Chapter.

## OPINION

ALARID, Judge.

The issue in this case is whether this court should, in our discretion, allow intervention of a third party in this appeal. Respondents (the state) appealed a writ of mandamus issued by the district court, ordering the state to approve a liquor license transfer requested by Thriftway Marketing Corporation (Thriftway). This court issued a calendar notice proposing to affirm the district court. The Nageezi Chapter (the Chapter), a political subdivision of the Navajo Tribe, was allowed *amicus curiae* status by this court, and filed a memorandum opposing the proposed affirmance. The state subsequently decided not to pursue the matter and moved to dismiss the appeal. At that point the Chapter moved to change its status from *amicus* to intervenor. We requested briefs from the Chapter and Thriftway regarding the intervention issue. After consideration of those briefs, we grant the motion to intervene for the reasons that follow.

■ A party attempting to intervene must file a timely application to do so. SCRA 1986, 1–024(B). In addition, that party must have a sufficient interest in the outcome of the action to warrant intervention, and must show its interests will be jeopardized if intervention is not allowed. *See United States v. Imperial Irrigation Dist.*, 559 F.2d 509 (9th Cir.1977) (discussing interest necessary for intervention); *Securities Exchange Comm'n v. Everest Management Corp.*, 475 F.2d 1236 (2d Cir. 1972) (affirming denial of request to intervene, in part on basis that would-be intervenors had other means of protecting interests). We address the timeliness and interests issues separately.

## TIMELINESS

■ An attempt to intervene after final judgment has been issued by the district court should not be allowed in the absence of extraordinary or unusual circumstances. *Cooper v. Albuquerque City Comm'n*, 85 N.M. 786, 518 P.2d 275 (1974). One circumstance often cited as a reason for allowing such intervention occurs when a named party decides not to pursue an appeal of a judgment, and another person or entity will be adversely affected by the judgment. *Id.; see also* 3B J. Moore & J.

Kennedy, *Moore's Federal Practice* § 24.13 (2d ed.1987) [hereinafter *Moore's*]. Normally the attempt to intervene occurs at the trial court level, because the would-be intervenor discovers at that level that the named party will not appeal. *See generally* cases cited in *Moore's*, § 24.13. Intervention may be allowed even at the appellate level, however, in appropriate cases. *Id.* at 24.159. A key consideration in determining timeliness is whether the effort to intervene occurred shortly after the would-be intervenor discovered such action was necessary to protect its interests. *See Cooper v. Albuquerque City Comm'n* (intervention of *amicus* allowed after judgment, where *amicus* had no reason to seek intervention until he learned the city did not intend to appeal the adverse judgment).

■ In this case, the Chapter was granted *amicus curiae* status on appeal because its interests in the matter coincided with those of the state; in other words, it wished to argue on behalf of the state's position on appeal. The Chapter requests that the writ of mandamus issued by the district court be reversed, which is the same relief requested by the state in the docketing statement. Until the state indicated its wish to abandon the appeal, the Chapter had no reason to suspect its interests would not be protected by the state. As soon as the Chapter discovered the state would no longer pursue the appeal, the Chapter moved to intervene. Under these circumstances, we hold that the motion to intervene was timely filed. *See Cooper v. Albuquerque City Comm'n.*

## THE CHAPTER'S INTERESTS IN APPEAL

This action arose when Thriftway applied for a transfer of a liquor license. The state held hearings on the application and gave preliminary approval to the transfer. *See* NMSA 1978, § 60–6B–2, –3, and –4 (procedures for obtaining transfer). The matter was then referred to the San Juan County Commission for action by that entity. § 60–6B–4(F) (local governing body may disapprove transfer if, *e.g.*, transfer of the license would be detrimental to the public health, safety, or morals of residents). The Commission failed to take action on the application within 30 days of a public hearing held to allow comment on the application. Pursuant to statute, therefore, the application was returned to the state. § 60–6B–4(G). The state indicated that it wished to hold another public hearing to enable it to properly consider the issues of the effect of the transfer on public health, safety, and morals. The state notified Thriftway that its preliminary approval encompassed only a limited review, which had not addressed whether transfer of the license would be detrimental to the public. For that reason, the state declined to simply approve the transfer.

Thriftway then filed an action for writ of mandamus in the district court, requesting that the state be ordered to approve the transfer. In the district court and on appeal, the state argued that, upon the failure of a local governing body to take action on an application, the applicable statute gives the director of the alcoholic beverage control department (director) discretion to approve or refrain from approving a transfer. This is also the Chapter's position. The crux of the position espoused by the state and the Chapter is that to date there has not been a consideration of the effect of the transfer on public health, safety, and morals, and that such a consideration is necessary prior to approval of the transfer.

■ The Nageezi Chapter is a local governmental unit of the Navajo Tribe. Thriftway's brief, in one sentence, appears to raise a question as to the Chapter's ability to sue or be sued as an entity. Thriftway did not argue the issue or cite to any authority bearing on the question. *See In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984) (issues not supported by cited authority need not be considered by this court). A one-sentence statement that "[i]t may very well be that the Navajo Nation has not authorized the Chapter to participate in actions such as the present * * *" is not sufficient to raise the issue for our consideration. A party desiring this court to consider an issue should at least provide argument in support of its

position, even if no analogous authority can be found. *Cf. id.* In addition, we note that the Navajo tribal court system has implicitly recognized chapters' ability to participate in lawsuits as organizations. *See Sweetwater Chapter v. Teec Nos Pos Chapter,* 2 Nav.R. 13 (1979) (suit between named chapters involving border dispute). For purposes of this case only, therefore, we assume the Chapter is an entity that can file suit in the courts of this state.

■ Information provided by Thriftway in its transfer application, and maps submitted by the Chapter with its brief in support of intervention, show that the proposed transfer site is located within the geographical boundaries of the Chapter. *See Trujillo v. Dimas,* 61 N.M. 235, 297 P.2d 1060 (1956) (court may take judicial notice of geographical facts provable by reference to maps). The site is not located on land owned by the Chapter or by any Navajo individual or group. As a Navajo chapter, the Nageezi Chapter has the power to enact local ordinances on any matter affecting the community, subject to the approval of the Navajo Tribal Council's Advisory Committee. Navajo Tribal Code, Title 2 § 4002 (Cum.Supp.1984–1985) [hereinafter N.T.C.]. The Chapter also provides a forum in which local needs may be addressed, and has the authority to use chapter funds for projects benefitting the community. N.T.C. Title 2 §§ 4021, 4028. It appears, therefore, that the Chapter performs similar functions with respect to the health and welfare of its residents as those performed by a county or municipality in the state government system. This similarity provides the Chapter standing to participate in mandamus actions directed toward approval or disapproval of a transfer application. *See City of Santa Rosa v. Jaramillo,* 85 N.M. 747, 517 P.2d 69 (1973) (municipality's interest in protecting welfare and morals of community grants standing to bring mandamus action against director).

■ Thriftway argues the Chapter has no special interest in the action different from members of the general public, because the applicable statute specifically mentions municipalities and counties but says nothing about chapters. *See generally* §§ 60–6B–1 to –4. It is not surprising that the statute omits mention of chapters, because they are not local units of state government—they are tribal entities. In addition, the sale of alcoholic beverages within Indian country is forbidden, absent tribal action allowing such sale. *See* 18 U.S.C. §§ 1154 (1979). The fact that chapters cannot act as local governing bodies under the Liquor Control Act, however, has no effect on the Chapter's interest in protecting the health and welfare of its residents.

In *City of Santa Rosa v. Jaramillo,* for example, the community of Santa Rosa had standing to bring a mandamus action against the director, even though the city had no right to appeal the director's action. Standing to bring the action was based on the city's interest in protecting the health and welfare of its residents, not on any standing granted by the statute. *Id.* Similarly, the Chapter in this case has a cognizable interest in the action, even though it had no right under the statute to approve or disapprove of the transfer. This case presents an unusual situation in that the liquor license will be transferred to a location within the boundaries of a Navajo community, albeit to private, non-Indian land. In such circumstances, local Indian governing bodies with responsibilities for protecting residents' welfare should have the same opportunity to ensure the applicable law is followed as non-Indian governing bodies in similar circumstances. *Cf. City of Santa Rosa v. Jaramillo.* We emphasize that this decision in no way places Navajo chapters on the same footing as counties or municipalities with regard to the ability to approve or disapprove license issuances or transfers. We decide only that, under the assumptions we have made for purposes of this appeal, and where the standing to appeal arises not from the statute but from a different source, the Chapter has the same ability to participate in the action as a municipality would have.

■ In addition to showing an interest that will be adversely affected by the judg-

ment, the Chapter must establish that it will be difficult to protect that interest if intervention is not allowed. *Cf. Securities Exchange Comm'n v. Everest Management Corp.* The Chapter's interest in this case is ensuring that the Liquor Control Act be followed, and that the issues of public health, safety, and morals be considered before action is taken on the transfer. If intervention is not allowed and the appeal in this case is dismissed, the transfer will have final approval despite the fact that, according to the state's docketing statement and letter to Thriftway, no entity will have made a determination regarding the effect of the transfer on the public's welfare. Thus, intervention is necessary if the Chapter is to have any opportunity to attempt to ensure these issues are considered before a liquor license is transferred to a location within its geographical boundaries. We do not mean to imply that the state's appeal has merit—that issue is not before us at this point. We merely hold that under the circumstances of this case, the Chapter is entitled to a determination from this court regarding the merits of the appeal.

Thriftway argues that intervention should not be allowed because the appeal is moot. Citing facts that do not appear in the record, Thriftway maintains the transfer was approved five months ago, shortly after the district court issued its writ of mandamus. We cannot consider these factual assertions because they are not part of the record and are not the type of facts of which this court can take judicial notice. *See MacNair v. Stueber,* 84 N.M. 93, 500 P.2d 178 (1972) (matters not of record are not before reviewing court on appeal). In addition, we note that it is entirely possible the approval was provisional, contingent on the outcome of the state's appeal. This would explain the fact that approval was apparently given while the appeal was pending. Finally, we note that the issue in this case is whether the director has any discretion in taking action on an application after the local governing body has failed to take such action. This is a question capable of repetition and of substantial public interest, and we therefore decline the invitation to dispose of the appeal on grounds of mootness. *See State ex rel. New Mexico Press Ass'n v. Kaufman,* 98 N.M. 261, 648 P.2d 300 (1982).

CONCLUSION

Based on the foregoing, we hold that the Chapter's motion to intervene was timely filed under the unusual circumstances of this case. We further decide that the motion should be granted, and the Chapter is hereby granted status as a party to the appeal. For that reason, we deny the state's motion to dismiss the appeal. Finally, we assign the appeal to the general calendar for consideration of the merits. The normal briefing schedule will apply to this case. SCRA 1986, 12–210.

IT IS SO ORDERED.

BIVINS, C.J., and APODACA, J., concur.